Richardson, J., delivered the opinion of the Court in which Hervey, Alcala, Newell, Keel, and Walker, JJ., joined.
In 2008, Applicant Jeremy Wade Pue was convicted by a jury of the third degree felony offense of evading arrest or detention with a vehicle.[1] He was sentenced as a habitual offender because his sentence was enhanced by two California felony convictions-one from 2002 and the other from 2007. The trial court sentenced Applicant to thirty years in prison. His conviction *228 was affirmed on direct appeal.[2] Applicant now claims in this application for writ of habeas corpus[3] that his thirty-year sentence is illegal because it was improperly enhanced by the 2007 California conviction.[4] Applicant had only two prior felony convictions, and both of them occurred in California. There were no other felony convictions the State could have used to enhance Applicant's sentence.[5] We agree that Applicant's sentence was improperly enhanced by the 2007 California conviction. We grant relief.
I.
Overview
An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal.[6] A claim that a sentence is illegal because it exceeds the statutory maximum is cognizable in a writ of habeas corpus and may be raised at any time.[7] Thus, Applicant's claim that his sentence was illegally enhanced is cognizable even though he failed to raise that issue on direct appeal.[8]
In 2008, when Applicant was sentenced in this case, the State sought to enhance his punishment with two prior felony convictions. One was a 2007 California felony conviction for possessing a "useable quantity" of a controlled substance under California Health and Safety Code § 11377(a). Applicant pled guilty to that 2007 possession charge before the Superior Court of Orange County, California, on May 21, 2007. Imposition of sentence was suspended, and Applicant was placed on probation for three years.[9] Applicant was still on *229 probation for that 2007 California felony conviction when he was sentenced in this case in 2008.
We filed and set this writ application to decide whether Applicant's sentence in this case was improperly enhanced. The first issue we specifically agreed to address was
whether Applicant's prior 2007 probated conviction from California, which was alleged in one of the habitual enhancement paragraphs, could have been used as a punishment enhancement in California and was therefore available for use as a punishment enhancement in this Texas prosecution.
We ordered briefing on this issue and have reviewed the parties' briefs and considered their arguments. By order dated November 1, 2017, we noted that further briefing would be useful and invited both parties to provide this Court with legal and policy arguments as to whether the "finality" of an out-of-state conviction, for purposes of punishment enhancement in a Texas prosecution, should be determined in accordance with the law of the foreign jurisdiction or in accordance with Texas law.
We now hold that, whether the 2007 California conviction could have been used as a punishment enhancement in California does not control whether such prior conviction was available for use as a punishment enhancement in this Texas prosecution . More importantly, we hold that, whether a prior conviction-in-state or out-of-state-is "final" under Texas Penal Code § 12.42 is to be determined in accordance with Texas law. This means that the law of another state does not control whether a defendant's conviction is properly enhanced under Texas law.[10]
*230 II.
Punishment Enhancement Involving Out-of-State Prior Convictions
Punishment enhancement for habitual offenders falls generally under Texas Penal Code § 12.42(d), which provides as follows:
Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this section.[11]
Section 12.42(c)(2) and 12.42(c)(4) address enhancement when the charged offense and previous felony offenses were sexual assault or human trafficking related offenses. Neither section applies in this case. Moreover, since this offense was a third degree felony under section 12.35(c)(1),[12] section 12.35(a), which addresses punishment for state jail felonies, does not apply here.
It is well established that under Texas law only convictions that are "final" can be used for enhancement purposes.[13] "[I]t is equally well established that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted."[14] "A successfully served probation is not available for enhancement purposes."[15] The imposition of a sentence is required to establish the finality of a conviction.[16]
*231 However, a probated sentence can turn into a final conviction if probation is revoked.[17] It is the State's burden to prove finality for purposes of enhancement under Art. 12.42(d).[18]
An out-of-state prior final felony conviction can be used to enhance a sentence imposed in Texas. Under the Full Faith and Credit Clause of the United States Constitution, the various states must recognize "public acts, records, and judicial proceedings of every other State."[19] The Full Faith and Credit Clause ensures that judicial decisions rendered by a court in one state are recognized and honored in every other state. However, the out-of-state conviction must be a "final" conviction. In Spiers v. State , this Court reversed the appellant's conviction because there was no proof that his previous conviction for burglary in Mississippi, which resulted in a suspended sentence, was a final conviction:
The record reveals that in the burglary conviction appellant's sentence was suspended. There is no showing that this suspended sentence was ever revoked. Accordingly, there is no proof that the burglary conviction was a final conviction. Absent such proof such conviction cannot be used for enhancement.[20]
The question, however, is whether the finality of the out-of-state conviction is to be determined under the other state's law or Texas law. There are several Texas appellate court opinions (many of them unpublished) that have held that a conviction from another state is considered "final" under Texas law for enhancement purposes if it is considered "final" under the other state's law.[21] However, only two *232 opinions from this Court have been cited in appellate court opinions as authority to support such rule of law- Ex parte Blume[22] and Diremiggio v. State .[23] As we explain below, neither case persuades us to follow such rule.
In Ex parte Blume , the defendant brought an action for post conviction writ of habeas corpus, asserting that his federal felony conviction was improperly used for enhancement because the prior federal felony conviction would not have been a felony under our state penal code. The "sole question presented" in Blume was whether a federal felony conviction for an offense which does not constitute a felony under the Texas Penal Code could still be used to enhance punishment under section 12.42.[24] We held in Blume that it could, since the federal felony offense for which the applicant was previously convicted carried "confinement in the penitentiary ... as a possible punishment" in accordance with Texas state law- Penal Code § 12.41(1).[25] Therefore, under Blume , section 12.41(1) of the Texas Penal Code rendered the prior federal conviction a "felony of the third degree" under Texas law for the purposes of the enhancement subchapter . Ex parte Blume involved a federal conviction, not an out-of-state conviction, and the issue still was whether a conviction was properly enhanced under Texas law . Moreover, the finality issue currently before us was not at issue in Blume . We therefore find Blume distinguishable and not controlling of the issue before us today.
The State maintains that under the rule of Diremiggio v. State , an out-of-state conviction is final in Texas if it is final under the law of the convicting state. We recognize that Diremiggio has been cited to support that position.[26] However, we do not agree that such is the holding of that case. Nor do we interpret Diremiggio v. State as standing for the proposition that if a conviction from another state is available for enhancement purposes in that state, then it is available for enhancement purposes under Texas law.
In Diremiggio , the appellant had a prior conviction in Virginia for uttering a forged check with intent to defraud, and he was sentenced to the penitentiary for five years, with four years suspended on condition of good behavior for ten years. The State argued that only four out of the five years was suspended, so the appellant necessarily received a final conviction as to the one year actually served. This Court held that such "partial" imposition/suspension of a sentence was insufficient to make a prima facie showing that the prior conviction was a "final" conviction. This Court did not specifically hold that we must interpret whether a conviction from another state is available for enhancement purposes under that other state's law. Rather, in Diremiggio this Court held that the State had not met its burden to prove that there was a prior "final" conviction available to enhance the appellant's sentence. In so holding, this Court noted that, "while the method of partial imposition and partial suspension of execution of a sentence *233 is alien to Texas law, the State made no effort whatever to enlighten the trial court if it had proof that such a conviction was considered to be 'final' under Virginia law."[27] As authority to support what we believe to be no more than a side comment, this Court cited to the case of Almand v. State .[28] However, Almand v. State does not stand for the rule that a prior out-of-state conviction is "final" for purposes of enhancement if it is "final" under the other state's law. Rather, in Almand , this Court simply recognized that the State had met its burden to prove that the prior conviction out of Louisiana was indeed a "final" felony conviction under Texas law . The State had introduced a pen packet showing that the defendant had been convicted of an offense in Louisiana. As punishment for such offense, he had served seven and a half years in the Louisiana State Penitentiary. This Court noted that, under the Texas Penal Code, a "felony" is defined as an offense punishable by "confinement in a penitentiary."[29] Since, "in the absence of any showing to the contrary, it is assumed the laws of another State are the same as Texas," this Court agreed that the State had met its burden to show that the appellant had a prior final felony conviction.[30] Despite these distinctions, Diremiggio has been cited by appellate courts in Texas as the prevailing authority from this Court to support the conclusion that if an out-of-state conviction is available for enhancement under the other state's law, then it is available for enhancement under Texas law, even if it would not otherwise be considered a "final" conviction in Texas.
Diremiggio and Blume have been stretched to stand for the proposition that if it is good enough for them, it is good enough for us. Today, we dispel such "rule" and clarify that the "finality" of an out-of-state conviction for purposes of enhancement must be determined in accordance with Texas law.
Our decision today is consistent with previous cases we have decided. In Jordan v. State ,[31] this Court said that "[i]n connection with section 12.42 enhancement provisions and their predecessors, we have held uniformly that the prior convictions must be final convictions."[32] Similarly, in Ex parte White,[33] we relied on Texas Penal Code subsections 12.42(c)(2)(B)(v) and 12.42(g)(1) and (2) in deciding that there was a statutory exception to this finality requirement. In Ex parte White , the applicant's convictions for indecency with a child and aggravated sexual assault of a child were properly enhanced by a prior Delaware offense of unlawful sexual contact even though the applicant's prior Delaware conviction was probated and probation was never revoked.[34] We held that, "[b]ecause of his prior conviction in Delaware, applicant had been 'previously convicted,' under the laws of another state, of an offense containing elements that are substantially similar to the elements of an offense listed in subparagraph 12.42.(c)(2)(B)(ii)."[35] Thus, the prior Delaware conviction could be used for enhancement under subsections 12.42(c)(2), *234 12.42(g)(1), and 12.42(g)(2), even though probation had not been revoked because the specific language of our statutes allowed for enhancement "regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision."[36] We specifically noted that "[b]ecause our own legislature has spoken specifically" to the issues before this Court in Ex parte White , it was not "necessary to determine whether such convictions are considered final by the originating jurisdiction or the effect of finality in a foreign jurisdiction on enhancements in Texas."[37]
It is clear that the Texas Legislature has enacted specific statutory provisions allowing for enhancement for non-final convictions. But there is no specific Texas statutory provision allowing for enhancement in this case using the 2007 California non-final conviction. More importantly, there is no statutory authority allowing for out-of-state law to control punishment enhancement in Texas. The State argues that the absence of a post- Diremiggio amendment to section 12.42 addressing this issue illustrates the Legislature's intent that the law of the convicting state will determine the finality of an out-of-state conviction. In light of our interpretation of Diremiggio , and for the reasons discussed herein, we are not persuaded by this argument.
Because Applicant was on probation for his 2007 California conviction at the time he was sentenced in this case, it would not have been considered a "final" conviction under Texas law. We hold, therefore, that since the 2007 California conviction was not available for enhancement under Texas law, it could not properly enhance Applicant's 2008 Texas sentence.
In arguing that we should abide by California law to determine conviction finality, the State urges us to follow the California case of People v. Laino.[38] People v. Laino held that "a plea of guilty constitutes a conviction" and "for purposes of a prior conviction statute, a conviction occurs at the time of entry of the guilty plea."[39] However, People v. Laino does not address whether the conviction was "final" under California law, just that a guilty plea is a conviction. Thus, it is inapplicable.
Moreover, the complexity of California's various enhancement laws further illustrates why it would be impractical for us to decide whether another state's law dictates whether a conviction is "final" under Texas law. First, contrary to the State's argument that the 2007 conviction was final under California law, we have found California case law to support the conclusion that Applicant's 2007 felony conviction-where the imposition (rather than the execution) of the sentence was suspended-was not "final," even under California law.[40] Second, under California's *235 "Three Strikes" laws, it is not clear whether Applicant's conviction could be used for enhancement in California.[41] We will not require a Texas trial court to sort through the nuances of forty-nine other states's enhancement laws, some of which may have no similarities with Texas enhancement requirements.
III.
Conclusion
Unless a more specific Texas statute applies, Texas courts should follow Texas Penal Code § 12.42, requiring that a defendant be "finally convicted" of the alleged prior offense before punishment can be enhanced. And the determination of whether a defendant has been "finally convicted" for enhancement purposes under section 12.42 is to be made in accordance with Texas law.[42] In this case, because Applicant had been placed on probation for his 2007 California felony conviction, and probation had not been revoked at the time that he was sentenced in this case in 2008, his 2007 California conviction was not "final" under Texas law, and thus it could not be used to enhance his sentence in this case.[43]
We grant relief based upon Applicant's first ground and hold that Applicant was improperly sentenced as a habitual offender.[44] Applicant's sentence is set aside, and *236 he is remanded to the custody of the Sheriff of Comal County so that a new punishment hearing may be conducted by the trial court.
Keller, P.J., filed a concurring opinion in which Keasler, J., joined.
Keel, J., filed a concurring opinion in which Hervey and Newell, JJ., joined.
Yeary, J., filed a dissenting opinion.
Keller, P.J., filed a concurring opinion in which Keasler, J. joined.
I agree with the Court, for the reasons stated in its opinion, that Texas law should control when determining the finality of a foreign conviction.[1] I also agree with Judge Yeary that we should not grant relief on an "illegal sentence" claim of the sort before us without first addressing the propriety of doing so. But Applicant has also raised ineffective assistance-of-counsel claims for failing to research the finality of his second California conviction, and I believe that these claims have merit. My research convinces me that the second California conviction was not final under settled California law or settled Texas law. Because the conviction was not final regardless of what law applies, and because Applicant has no other prior convictions (aside from the two in California), I would hold that counsel was deficient for failing to challenge the use of this conviction for enhancement purposes, and Applicant was prejudiced because his thirty-year sentence exceeds the maximum punishment allowed for his offense.[2]
Applicant was punished as a habitual offender under the 2008 version of Penal Code § 12.42(d). That statute explicitly required that the prior felony convictions be final:
Except as provided by Subsection (c)(2), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.[3]
The State's contention that California law did not require a conviction to be final to be usable for enhancement purposes is beside the point. Finality still had to be determined because § 12.42(d) demanded it.[4]
*237 Under Texas law, a conviction is not final for enhancement purposes when the imposition of sentence is suspended and the defendant is placed on probation.[5] The same is and was true of convictions in California, as that State's high court explained in People v. Howard : "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' "[6]
Counsel did not need to try to determine whether Murchison or Howard controlled because under either case-and therefore under either Texas or California law-Applicant's second prior California conviction was not final.[7] I would grant relief on Applicant's ineffective assistance claim.
I therefore concur in the Court's judgment.
CONCURRING OPINION
Keel, J., filed a concurring opinion in which Hervey and Newell, JJ., joined.
I join the majority opinion but write separately to offer the following observations in response to the dissenting opinion.
First, Hill v. State , 633 S.W.2d 520 (Tex. Crim. App. 1982) (op. on reh'g), is inapplicable here. The defendant in Hill mounted a collateral attack on the validity of his prior conviction; he did not merely challenge its use as an enhancement; and he raised no trial objection to its use. Id. at 523. Applicant is not challenging the validity of the prior conviction; he is only challenging its use as an enhancement; and he objected to its use as such at trial.
Second, the dissenting opinion argues inconsistently. On the one hand, it purportedly would grant relief from a sentence that is outside the non-enhanced range of punishment even if raised for the first time on habeas. Ex parte Pue , No. WR-85,447-01 op. at 239 (Tex. Crim. App., Feb. 28, 2018)
*238 (Yeary, J., dissenting). On the other hand, however, the dissent advocates limiting habeas relief to cases in which the sentencing error was not apparent from the direct appeal record. Id. at 239-40. With that limitation, the non-enhanced third degree felon sentenced to life would not get relief because the sentencing error would be apparent from the direct appeal record.
Even assuming that the dissent would grant relief to the non-enhanced third degree felon sentenced to life, it would not grant relief to a third degree felon sentenced to life because of an improper enhancement. Id. at 238-39. It is inconsistent to grant relief in one circumstance but not the other. If a non-enhanced sentence that is outside the applicable range is intolerable, then so is an improperly enhanced sentence that is outside the applicable range.
Finally, the dissent misreads Mizell v. State , 119 S.W.3d 804 (Tex. Crim. App. 2003). For example, the dissent claims that Mizell recognizes a duty of trial court judges "to refrain from sentencing a defendant to a punishment beyond the statutorily applicable range." Pue , op. at 243 (Yeary, J., dissenting). But Mizell was a jury punishment case, 119 S.W.3d at 805, and as such had nothing to say about a trial judge's duty in assessing punishment. Nor did Mizell maintain that our "justice system simply will not tolerate any upward deviation" from the range of punishment, Pue , op. at 243 (Yeary, J., dissenting), because there was no upward deviation. The jury in Mizell instead engaged in a downward deviation, assessing neither jail time nor fine after convicting the defendant of a Class A misdemeanor. 119 S.W.3d at 805. Mizell simply held that a sentence that is outside the range of punishment is illegal and may be challenged for the first time on appeal or habeas. Id. at 806.
Applicant was convicted of a third degree felony. He had only one eligible enhancement. The applicable range was two to 20 years. See TEX. PENAL CODE § 12.42(a) (third degree felony enhanced once is punishable as a second degree felony). His sentence of 30 years was outside that range and for that reason was illegal. Therefore, he is entitled to relief.
DISSENTING OPINION
Yeary, J., filed a dissenting opinion.
Today the Court grants habeas relief to a defendant on the basis of his claim that one of two paragraphs in his indictment relied upon by the State to enhance his punishment should have been unavailable for enhancement purposes because it was not a "final" conviction. Majority Opinion at 234-35. He argues that, because the conviction was not-he claims-a "final" conviction, it should not have been relied upon as a reason to enhance his punishment. Because it was relied upon as an enhancement, he has suffered an "illegal sentence," which this Court has held can be challenged at any time. See Mizell v. State , 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."). As I expressed only a few weeks ago in dissenting under similar circumstances, the Court should not grant habeas corpus relief without first addressing the propriety of reaching such a claim when raised for the first time in a post-conviction habeas corpus proceeding. Ex parte Clay , 539 S.W.3d 285, 2018 WL 635864 (Tex. Crim. App. del. Jan. 31, 2018) (Yeary, J., dissenting). Because the Court grants relief without addressing this fundamental threshold issue, I dissent.
*239 What strikes me immediately about Applicant's claim is that it is not a direct claim that a sentence is illegal in the sense addressed by this Court in Mizell . There, the issue the Court addressed was whether the sentence was illegal because it was "outside the maximum or minimum range of punishment [that was] unauthorized by law and therefore illegal." 119 S.W.3d at 806. Here, in contrast, the defendant claims that his sentence is "illegal" because of some error that occurred preliminary to the imposition of sentence. He focuses on an error that occurred at his trial that he then, in turn, claims to have caused the sentence assessed to be illegal, i.e. , an offense was improperly alleged and proven as an enhancement, and the finding of true to that enhancement permitted him to be sentenced outside the proper legal range.
I have no quarrel with the notion that an "illegal sentence"-that is to say, a sentence that on its face falls outside the range of punishment authorized by law-should be regarded as cognizable even if complained of for the first time in post-conviction habeas proceedings. A trial court judge who sentences a third degree felon to a term of life in the penitentiary, for example, has imposed a sentence that far exceeds that which is authorized by law. Quite apart from the wishes of the parties themselves, society simply will not tolerate the imposition of any punishment beyond the legal maximum. See Gutierrez v. State , 380 S.W.3d 167, 175 (Tex. Crim. App. 2012) (observing that "the requirement that a defendant be sentenced within the statutorily applicable range of punishment is an 'absolute and nonwaivable' feature of the system within the Marin rubric, the contravention of which can be raised at any time") (referencing Marin v. State , 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ). I agree that the flouting of any such systemic requirement or prohibition ought to be subject to a judicial remedy even if not raised until initial post-conviction habeas corpus proceedings. Ex parte Moss , 446 S.W.3d 786, 788 (Tex. Crim. App. 2014). But not every claim of "illegal sentence" rises to this level of systemic requirement or prohibition so as to justify entertaining it when it is only raised for the first time in an initial habeas corpus collateral attack.[1]
The Court today cites *240 Ex parte Rich , 194 S.W.3d 508, 511 (Tex. Crim. App. 2006), for the proposition that we have applied the Mizell "illegal sentence" principle to review previous post-conviction claims of defective enhancements. Majority Opinion at 228 n.7. In Rich , one of the enhancement paragraphs alleged a prior felony, but later-developed evidence showed that it had been reduced to a misdemeanor, and thus was not available for felony enhancement. It is true that we granted post-conviction relief under these circumstances. But in doing so, we also observed that "[t]he fact that the record on direct appeal would not have revealed that there was a problem with Applicant's sentence makes habeas corpus the appropriate avenue for affording him relief." Rich , 194 S.W.3d at 513. Whether the "illegal sentence" principle should apply to justify habeas corpus relief when the appellate record does affirmatively reveal the defect in the enhancement process, as in the present case, remains uncertain from our case law. Rich does not unequivocally support the proposition that the Court cites it for today.
Moreover, there is other case law that seems to conflict with the Court's reading of Rich . In 1982, this Court handed down its opinion on rehearing in a case called Hill v. State , 633 S.W.2d 520, 523 (Tex. Crim. App. 1982) (op. on reh'g). On original submission in Hill , a case on direct appeal, the Court had set aside the conviction because one of the prior convictions used to enhance the punishment to habitual status had later proven to be invalid on the ground that the appellant had not had the assistance of counsel when he appeared in court for the pronouncement of sentence. Id. at 522 (op. on orig. subm.). The Court reversed itself on rehearing, however, holding that "the failure to object at trial to the introduction of proof of a[n] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction." Id. at 525 (op. on reh'g). And we soon applied the holding of Hill to deny relief for claims of improper enhancement raised for the first time in post-conviction habeas corpus proceedings. See Ex parte Ridley , 658 S.W.2d 177 (Tex. Crim. App. 1983) ("The failure to object at trial to the introduction of an infirm prior conviction precludes the defendant from thereafter collaterally attacking the conviction that utilized the infirm prior conviction."); Ex parte Cashman , 671 S.W.2d 510, 512 (Tex. Crim. App. 1984) (op. on. reh'g) (refusing to grant habeas relief with respect to a claim that one of the prior convictions used to enhance had been invalidated because the applicant had made no trial objection to the use of the prior conviction to enhance, relying on Hill and Ridley ).
It thus appears that the Mizell principle that an "illegal sentence" may be raised "at any time," regardless of whether there was a contemporaneous objection lodged at trial, does not apply with respect to improper-enhancement claims-or at least not all (and maybe not even most ) improper-enhancement claims. See George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 59:55, at 886-87 (3d ed. 2011) (" Hill and Cashman thus bar habeas attack-if no proper trial demand for relief was made-when a habeas applicant asserts that a prior conviction used for enhancement was tainted by denial of his constitutional right to counsel or by permitting the same jury that found him competent to also determine guilt or innocence. An applicant relying upon the State's use of such a prior conviction must most likely both plead and prove both the invalidity of the prior conviction and a trial request for appropriate trial relief.").
Since the Court decided Hill , Ridley , and Cashman , it has qualified their holdings. Even in Hill itself, the Court acknowledged *241 that an objection might not be required to collaterally attack prior convictions "based upon void charging instruments." 633 S.W.2d at 523.[2] And, indeed, in subsequent cases, we continued to grant post-conviction habeas corpus relief to reverse convictions with enhanced sentences based upon prior convictions that were predicated on fundamentally defective indictments, since such indictments had deprived the convicting courts-in those prior convictions-of jurisdiction to render judgments in the first place. See , e.g. , Duplechin v. State , 652 S.W.2d 957, 957-58 (Tex. Crim. App. 1983) (distinguishing Hill on the basis that the prior conviction had been based upon a fundamentally defective indictment, and granting relief on appeal despite the lack of a trial objection); Ex parte White , 659 S.W.2d 434, 435 (Tex. Crim. App. 1983) (continuing to grant post-conviction habeas corpus relief for a claim that an enhancement had been improper, notwithstanding Hill , because the prior conviction had been predicated on a fundamentally defective charging instrument); Ex parte Todd , 669 S.W.2d 738, 739 (Tex. Crim. App. 1984) (granting post-conviction habeas corpus relief because "[i]t is an exception to the [ Hill ] rule that ... the prior conviction complained of is based on a void indictment").[3]
But the Court has not laid out what other types of defects in prior convictions-making them unfit for use to enhance subsequent sentences-may serve to obviate Hill 's contemporaneous objection requirement. And, specifically, so far as I can tell, since Hill was decided, the Court has never addressed whether the error of using a prior conviction that was not final to enhance a punishment falls under the Hill rule requiring a contemporaneous objection, or the Hill exception for "fundamental" defects. Until we do, the Court should not grant relief based upon such a claim.
What is more, even if the Hill exception should apply, rather than the rule, that would mean that Applicant could have raised his improper enhancement claim for the first time on direct appeal. He did not.[4]
*242 We suggested in Ex parte Rich that the failure to do so may itself constitute a procedural default that would prohibit a later collateral attack on post-conviction habeas corpus. See 194 S.W.3d at 513 & n.9 (noting that "our holdings in Ex parte Nelson , 137 S.W.3d 666 (Tex. Crim. App. 2004), and Ex parte Townsend , 137 S.W.3d 79 (Tex. Crim. App. 2004), limit the ability of inmates to bring claims on habeas corpus that they could have raised on direct appeal," but declining to impose that limitation to Rich himself because the impropriety of the enhancement in his case was not apparent from the appellate record). In other contexts, we have recently addressed the question of whether an error that can be, but is not, raised for the first time on appeal is thereby procedurally defaulted for purposes of raising it in post-conviction habeas corpus proceedings. Cf. Ex parte Carter , 521 S.W.3d 344, 347-48 (Tex. Crim. App. 2017) (because applicant could have raised his improper-cumulation claim for the first time on appeal, but did not, he forfeited it for purposes of post-conviction habeas corpus relief, under Townsend ); Ex parte Marascio , 471 S.W.3d 832, 834-36 (Tex. Crim. App. 2015) (Keasler, J., concurring) (inquiring whether an issue, not subject to contemporaneous objection at trial in order to be raised on appeal, may nevertheless be procedurally defaulted for post-conviction habeas corpus purposes by not raising it on appeal). The Court should not grant relief in a post-conviction proceeding on a claim of improper enhancement without also first addressing, if necessary, whether that claim is forfeited because it was not raised on direct appeal.[5]
The Court today acknowledges that not all purported claims of "illegal sentence" will necessarily prove to be "automatically ... cognizable" in post-conviction habeas corpus proceedings. Majority Opinion at 228 n.7. I am glad for that. But the Court offers neither a limiting principle nor any explanation why it deems Applicant's particular claim of improper enhancement to fall within the Hill exception instead of the Hill rule. Indeed, the Court does not recognize or discuss our holding in Hill at all. In my view, resolution of the issue that the Court addresses today-which forum's law will control the question of whether an out-of-state conviction is "final" for habitual-enhancement *243 purposes-is purely advisory in the absence of a principled holding that a claim of improper enhancement is cognizable in a post-conviction collateral attack to begin with.
There is good reason to think that the Hill rule, not the Hill exception, ought to apply. The Court's recent opinion in Proenza v. State , 541 S.W.3d 786, 2017 WL 5483135, No. PD-1100-15 (Tex. Crim. App., del. Nov. 15, 2017), provides some guidance. There the Court said that, when the law places an onus or positive duty on the trial judge to comply, regardless of the will of the parties, then a party need not complain at trial concerning the lack of compliance in order to preserve a complaint for appeal. Id. at *7. Such a claim is not forfeitable. The Mizell "illegal sentence" principle presumes that a trial judge has just such a duty to refrain from sentencing a defendant to a punishment beyond the statutorily applicable range.[6] See Grado v. State , 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) ("In the absence of a defendant's effective waiver, a judge has an independent duty ... to identify the correct statute under which a defendant is to be sentenced[.] * * * The unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system. * * * The nature of this right is too significant to the judicial system to conclude that it is extinguished by mere inaction."). The criminal justice system simply will not tolerate any upward deviation.[7]
But we have never identified a comparable duty on a trial court's part to police the legitimacy of the State's allegations and proof when it comes to punishment enhancement counts. The system does not expect the trial court to monitor the adequacy or finality of the prior convictions alleged to enhance in order to ensure its own authority to impose a sentence within an enhanced range. The onus is instead placed on the defense to investigate the legitimacy of the State's enhancement counts, and to call any apparent deficiencies to the trial court's attention. In the absence of an objection, the trial court has no particular reason to doubt its authority to assess an enhanced sentence. The goal of preventing potentially unauthorized enhancements is not so critical to the proper functioning of the criminal justice system as to outweigh the State's legitimate interest in the repose of its final convictions.[8] Such claims ought not to be regarded as *244 subject to post-conviction collateral attack under the Mizell rubric of "illegal sentence."
In an improper-enhancement claim, the "illegality" of the sentence is what I would call derivative. The enhanced sentence is not illegal on its face; the illegality is dependent upon some ancillary finding of fact that renders a sentence, which appeared to be authorized at the time it was imposed, ultimately improper.[9] But what limiting principle does the Court propose to this potential Pandora's Box it is opening? When, in the Court's view, will an "illegal sentence" claim prove to be too derivative to be sustained on habeas? My concern is that there may be no end to the situations in which applicants may claim-on post-conviction habeas, no less-that some ordinary error in the process led to their having been sentenced illegally. It makes me wonder whether there are any limits, anymore, to the claims that can be brought on post-conviction collateral attack.
I respectfully dissent.

Tex. Penal Code § 38.04 (West 2008). In 2008, the offense of evading arrest or detention with a vehicle was a state jail felony so long as the defendant had not been previously convicted under that section. Tex. Penal Code § 38.04(b)(1) (West 2008). However, in this case, because the State charged, and the jury found, that Applicant's vehicle was a deadly weapon, his punishment range before any further enhancement, was elevated to a third degree felony under Tex. Penal Code § 12.35(c)(1) (West 2008).

Pue v. State , No. 07-09-0020-CR, 2009 WL 1941297 (Tex. App.-Amarillo June 30, 2009, no pet.). His appellate counsel raised only one issue-that the evidence was legally and factually insufficient to support the jury's finding that Applicant used a deadly weapon in the commission of the offense.

Tex. Code Crim. Proc. art. 11.07 (West 2008).

Applicant's 2002 California felony conviction is not at issue.

See , e.g. , Ex parte Parrott , 396 S.W.3d 531, 536-37 (Tex. Crim. App. 2013) (demonstrating that, in analyzing harm, a court may consider whether the State had other prior felony convictions that were available to enhance the applicant's punishment.).

Mizell v. State , 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ; Ex parte Beck , 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).

In this case, Applicant has claimed that his sentence was improperly enhanced to thirty years (which is ten years more than the statutory maximum for a second degree felony) by a prior California conviction that does not qualify as an enhancing conviction as a matter of law. We have previously held that that type of a claim is cognizable on habeas, even if not raised on direct appeal. Ex parte Rich , 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (holding that an applicant is allowed to raise a claim of illegal sentence based on an improper enhancement for the first time on a writ of habeas corpus, and such claim is not forfeited by the applicant's failure to raise it on direct appeal or the applicant's plea of true to such enhancement during the plea proceedings). We recognize that simply labeling a claim as one asserting an "illegal" or "void" sentence does not automatically make it cognizable in an application for writ of habeas corpus. But, because we hold that Applicant's 2007 California conviction was not a "final" conviction, it could not, as a matter of law, enhance his punishment range. Thus, Applicant's sentence exceeded the maximum range allowed by statute, it was indeed "illegal," and thus we find that Applicant's claim is cognizable.

Ex parte Rich , 194 S.W.3d at 511.

Applicant's probation on his 2007 California conviction was revoked on November 21, 2007, but then it was reinstated on December 11, 2007. On November 30, 2015, the 2007 California conviction was reduced to a misdemeanor "for all purposes" under section 1170.18 of the California Penal Code.

The concurring opinion would grant relief based instead on Applicant's claim of ineffective assistance of counsel, which was a ground for relief he raised in addition to his claim that his sentence was improperly enhanced. Specifically, the concurring opinion states that Applicant's "counsel was deficient for failing to challenge the use of this conviction for enhancement purposes." (Keller, P.J., concurring opinion, page 236).
However, the record reflects that trial counsel did argue that under both Texas and California law this 2007 conviction is not available for enhancement:
COUNSEL: [California] did not contemplate their laws determining the nature of Texas enhancement and habitual offender statutes. This is clearly the purview of the Texas Legislature and the courts.... California has made statutory through Section 667.5(e) of the California Penal Code what Texas has done through case law, that is, an actual sentence in prison is required, not simply a probated sentence, for that sentence to be used for enhancement purposes.... Jeremy Pue is a repeat offender, not a habitual offender. Texas law must be applied in cases wherein Texas courts have exclusive jurisdiction to try and sentence a defendant.
This was an insightful argument-definitely not deficient-considering that the law on this issue was not clear. And, because there were existing intermediate Texas appellate court decisions to the contrary, see note 21, infra , and the California enhancement statutes and related cases could be considered quite complicated, see notes 40-41, infra , we are hesitant to label appellate counsel as ineffective, particularly since he has disputed such claim by sworn affidavit. The issue of ineffective assistance of counsel was neither filed and set by us nor briefed by the parties, and we need not address it. Rather, we resolve Applicant's claim by squarely addressing the issue that, after two briefing orders, was thoroughly argued by the parties-does Texas law or out-of-state law control whether a prior out-of-state conviction is final for purposes of enhancement under Texas Penal Code § 12.42(d). By clarifying that Texas law controls whether a prior out-of-state conviction is final under Section 12.42(d), our opinion serves a useful purpose to the bench and the legal profession and benefits the future jurisprudence of the state. See Morris v. State , 361 S.W.3d 649, 676 (Tex. Crim. App. 2011) (Price, J., dissenting) (noting that, "our primary purpose, in our capacity as a discretionary review court, is to shepherd the jurisprudence ... [so that] the courts of appeals have at their disposal the clearest possible articulation of the most important legal principles").

Tex. Penal Code § 12.42(d) (West 2008) (emphasis added).

Texas Penal Code § 12.35(c)(1), elevated Applicant's punishment to a third degree felony due to the jury's finding that he used his vehicle as a deadly weapon.

Section 12.42(d) requires that, in order for a defendant's felony sentence to be enhanced into the "habitual" range of 25 to 99 years or life, the State must show that the defendant was "finally convicted" of two prior felony offenses, the second previous felony conviction occurring after the first previous offense becomes final. See also Ex parte Murchison , 560 S.W.2d 654, 656 (Tex. Crim. App. 1978) (noting that "only final convictions could be used for enhancement purposes"); Spiers v. State , 552 S.W.2d 851, 852 (Tex. Crim. App. 1977) (holding that, to enhance the punishment of a felony offense, the State must prove that the prior felony was a "final" conviction).

Ex parte Murchison , 560 S.W.2d at 656 (first citing White v. State , 171 Tex.Crim. 683, 353 S.W.2d 229 (Tex. Crim. App. 1962) ; then citing Ex parte Langley , 833 S.W.2d 141 (Tex. Crim. App. 1992) ; then citing Ellis v. State , 134 Tex.Crim. 346, 115 S.W.2d 660 (Tex. Crim. App. 1938) ; then citing Arbuckle v. State , 132 Tex.Crim. 371, 105 S.W.2d 219 (Tex. Crim. App. 1937) ; then citing Fetters v. State , 108 Tex.Crim. 282, 1 S.W.2d 312 (Tex. Crim. App. 1927) ; and then citing Brittian v. State , 85 Tex.Crim. 491, 214 S.W. 351 (Tex. Crim. App. 1919) ). In its supplemental briefing the State argues that most other state and federal courts consider probated sentences to be final convictions. We have not been asked to change our longstanding Texas rule on this issue nor are we persuaded that we should do so on our own motion.

Ex parte Langley , 833 S.W.2d at 143.

Martinez v. State , 531 S.W.2d 343, 345 (Tex. Crim. App. 1976) ("A sentence is also required to establish the finality of a conviction used at the punishment stage of a trial under Art. 37.07 [of the Texas Code of Criminal Procedure] ...."); Snodgrass v. State , 67 Tex.Crim. 615, 150 S.W. 162, 172 (Tex Crim. App. 1912) ("[The] sentence is distinct from, and independent of, the judgment, and is, in fact, the final judgment in the cause.")

Ex parte Murchison , 560 S.W.2d at 656 ; Ex parte Langley , 833 S.W.2d at 143.

Spiers v. State , 552 S.W.2d 851, 852 (Tex. Crim. App. 1977).

U.S. Const. Art. IV, § 1.

Spiers v. State , 552 S.W.2d at 852.

See Ramos v. State, 351 S.W.3d 913, 915 (Tex. App.-Amarillo 2011, pet. ref'd) (holding that "we use the law of the jurisdiction from which the conviction arose to determine its finality for purposes of enhancement in Texas"); Ajak v. State , No. 07-14-00018-CR, 2014 WL 3002811 (Tex. App.-Amarillo 2014, no pet.) (holding that the law of Virginia determines whether the judgment was final; the evidence proved in this case that the Virginia conviction was final because the prior conviction occurred in Virginia and since Virginia law provided that judgments become final 21 days after their entry); Dominque v. State , 787 S.W.2d 107, 108-09 (Tex. App.-Houston [14th Dist.] 1990, pet. ref'd, untimely filed) ("Clearly, under Louisiana law, the prior felony probations constituted final convictions which could be used for enhancement purposes."); Moore v. State , No. 05-10-01306-CR, 2012 WL 858606, at *9. (Tex. App.-Dallas March 12, 2012) (not designated for publication) (citing to Oklahoma's repeat offender statute to determine whether the conviction could have been used for enhancement in Oklahoma: "The fact that appellant's Oklahoma sentence was suspended after he served time in custody for violating his probation does not affect its finality or its availability for enhancement purposes under [Oklahoma's enhancement statute]"); Skillern v. State , 890 S.W.2d 849, 883 (Tex. App.-Austin 1994, pet. ref'd), declined to follow on other grounds by Ex parte Jones , 440 S.W.3d 628 (Tex. Crim. App. 2014) (finding under federal law a probated sentence is regarded as a final conviction for enhancement purposes just as any other final conviction); Dunn v. State , No. 14-05-00276-CR, 2006 Tex. App. LEXIS 7425, at *5-6 (Tex. App.-Houston [14th Dist.] August 17, 2006, pet. ref'd) (not designated for publication) (permitting a probated Delaware conviction to be used to enhance punishment in Texas since it was considered final in Delaware); Mitchell v. State , No. 05-06-01706-CR, 2008 WL 713635 (Tex. App.-Dallas March 18, 2008) (holding that "if an out-of-state conviction may be used for enhancement in the foreign state, it may be used under section 12.42 for enhancement even though it would not be available for enhancement under Texas law" because a probated sentence does not constitute a final conviction until there is a revocation of probation).

618 S.W.2d 373 (Tex. Crim. App. 1981).

637 S.W.2d 926 (Tex. Crim. App. 1982).

Blume , 618 S.W.2d at 374.

Id. at 376 (citing Tex. Pen. Code § 12.41(1) ).

See e.g. , cases cited in note 21.

Diremiggio v. State , 637 S.W.2d 926, 928 (Tex. Crim. App. 1982).

536 S.W.2d 377 (Tex. Crim. App. 1976).

Almand , 536 S.W.2d at 379.

Id.

36 S.W.3d 871 (Tex. Crim. App. 2001).

Jordan , 36 S.W.3d at 873.

211 S.W.3d 316 (Tex. Crim. App. 2007).

White , 211 S.W.3d at 319-20.

White , 211 S.W.3d at 318.

Id.case-ids="8335241" index="81" url="https://cite.case.law/sw3d/211/316/"> at 319.

Id. at 319 n.4.

32 Cal.4th 878, 11 Cal.Rptr.3d 723, 87 P.3d 27 (Cal. 2004).

11 Cal.Rptr.3d 723, 87 P.3d at 38 ; People v. Castello , 65 Cal.App.4th 1242, 77 Cal.Rptr.2d 314, 321 (Cal. Ct. App. 1998) ; People v. Balderas , 41 Cal.3d 144, 222 Cal.Rptr. 184, 711 P.2d 480, 515 (1985) ("For purposes of a 'prior conviction' statute, defendant suffers such a conviction when he pleads guilty.").

Under California law, "[f]inality in probation cases turns on whether the trial court suspended imposition of the sentence or merely suspended execution of the sentence." People v. Penilla , No. E06445, 2016 WL 6305374, at *4 (Cal. Ct. App. Oct. 18, 2016), review granted (Jan. 11, 2017). A probationer's judgment is "final" if the trial court imposed sentence and merely suspended execution thereof. People v. Scott , 58 Cal.4th 1415, 171 Cal.Rptr.3d 638, 324 P.3d 827, 831-32 (2014). "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of probation. The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' " People v. Howard , 16 Cal.4th 1081, 68 Cal.Rptr.2d 870, 946 P.2d 828, 831-32 (Cal. 1997). "Unlike the situation in which sentencing itself has been deferred, where a sentence has actually been imposed but its execution suspended, 'the revocation of the suspension of execution of the judgment brings the former judgment into full force and effect....' " Id. , 68 Cal.Rptr.2d 870, 946 P.2d at 832 ; People v. Martinez , 240 Cal.App.4th 1006, 1011-12, 193 Cal.Rptr.3d 394 (2015)."An order imposing sentence, the execution of which is suspended and probation is granted, is an appealable order. When that order is not appealed, it becomes final. This is so regardless of the fact the defendant will not serve the sentence unless the court revokes and terminates probation before the probationary period expires." When Applicant pled guilty in 2007, the California Superior Court suspended the imposition, not the execution, of Applicant's sentence. Thus, since the imposition of Applicant's sentence was suspended, it would not be a "final" conviction under California law.

California's Three Strikes laws consist of a statutory scheme "designed to increase the prison terms of repeat felons." Ewing v. California , 538 U.S. 11, 15-16, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (citing People v. Super. Ct. of San Diego Cty. , 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, 630 (Cal. 1996) ).

We are not ignoring the Full Faith and Credit Clause of the United States Constitution. U.S. Const. art. IV, § 1. "Full faith and credit does not automatically compel a forum state to subordinate its own statutory policy to a conflicting public act of another state." Hughes v. Fetter , 341 U.S. 609, 611-12, 71 S.Ct. 980, 95 L.Ed. 1212 (1951). While we still recognize that a prior conviction from another state is indeed a conviction under Texas law, section 12.42(d) simply requires that it be "final" in order to be available to enhance the punishment of a defendant's Texas conviction in a Texas prison. Our decision today establishes that the finality of any prior conviction (in or out of Texas) for enhancement in Texas is determined under Texas law.

Our decision today does not affect the admissibility of an out-of-state conviction as evidence being offered by the State as to any matter the court deems relevant to sentencing pursuant to Texas Code of Criminal Procedure art. 37.07, Sec. 3(a)(1).

Because we grant relief based upon Applicant's first ground, it is not necessary for us to address his other grounds for relief.

The foreign conviction at issue is from California, and the irony is not lost on me that California uses its own law to determine the status of a foreign conviction for enhancement purposes. See People v. Laino , 32 Cal.4th 878, 882, 87 P.3d 27, 28, 11 Cal.Rptr.3d 723 (2004).

Given the circumstances, I would hold that there is no conceivable strategy for failing to challenge the prior conviction, and so, there is no need to remand for factual development.

Tex. Penal Code § 12.42(d) (West 2008) (emphasis added).

If § 12.42(d) did not explicitly require finality, the State's argument might be tenable. For enhancement purposes, the word "conviction" has, by caselaw, different meanings in Texas and California. Under California caselaw, "conviction" means any finding of guilt. Laino , 32 Cal. 4th at 895-96, 11 Cal.Rptr.3d 723, 87 P.3d at 38 ("[F]or purposes of a prior conviction statute, a conviction occurs at the time of entry of the guilty plea.... [U]nder the three strikes law, when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction."). As a result, a conviction does not have to be "final" to be usable for enhancement purposes in California. See itation index="120" url="https://cite.case.law/citations/?q=87%20P.3d%2027">id. Under Texas caselaw in the enhancement context, "conviction" means a final judgment imposing sentence unless the statute at issue provides otherwise. See Jordan v. State , 36 S.W.3d 871, 873-74 & nn.9-12 (Tex. Crim. App. 2001) (citing cases saying that a judgment must be final to be a "conviction" for enhancement purposes even when finality is not explicitly required by the statutory language); infra at n.5; Tex. Penal Code § 12.42(c)(2), (g)(1) (West 2008) (explicitly allowing a judgment granting probation or deferred adjudication to be used for enhancement). If we were faced with a Texas enhancement statute that used the word "conviction" without mentioning finality, one could at least colorably argue that the word "conviction" must carry the meaning assigned to it by the state in which the "conviction" occurs, so that a "conviction" in Texas would have to be final but a "conviction" in California would not. But because § 12.42(d) explicitly required the defendant to be "finally convicted," whatever meaning "conviction" might have, that conviction must be final.

Ex parte Murchison , 560 S.W.2d 654, 656 (Tex. Crim. App. 1978).

16 Cal. 4th 1081, 1087, 946 P.2d 828, 832, 68 Cal.Rptr.2d 870 (1997) (citations omitted). See also People v. Scott , 58 Cal. 4th 1415, 1423, 324 P.3d 827, 832, 171 Cal.Rptr.3d 638 (2014) (discussing Howard ).

At this juncture, I need not resolve whether the ineffectiveness was the fault of trial counsel or appellate counsel (or both). A challenge to the usability of the second California conviction was not raised on appeal, so appellate counsel was ineffective unless excused by a default by trial counsel, in which case trial counsel would be ineffective. And while the Court suggests that California law is complicated, a finding of deficient performance can be made on the basis of the plain language of a statute. Ex parte Welch , 981 S.W.2d 183, 185 (Tex. Crim. App. 1998). § 12.42(d) unambiguously required that the prior convictions be final, and the prior convictions were non-final under both California and Texas law.

Judge Keel's concurring opinion accuses me of inconsistency. See Concurring Opinion at 237-38 ("On the one hand, [my dissenting opinion] would grant relief from a sentence that is outside the non-enhanced range of punishment even if raised for the first time on habeas. * * * On the other hand, however, the dissent advocates limiting habeas relief to cases in which the sentencing error was not apparent from the direct appeal record.") (emphasis added). That is indeed my position (more or less), but there is no inconsistency inherent in it. A sentence that, on its face, exceeds the maximum sentence authorized for the grade of offense for which a defendant is convicted would, in my estimation, fall within Marin 's first category-systemic requirements or prohibitions so vital to the proper functioning of the criminal justice system that their violation is subject to correction even when raised for the first time in a post-conviction writ application, as we recognized in Moss . But a sentence that appears on the face of the record to be authorized, but which may be subject to challenge, does not necessarily rise to that level. There is nothing inconsistent about accepting the proposition that a sentence that blatantly exceeds the statutory maximum may be collaterally attacked while at the same time accepting that a sentence that has apparently been enhanced, but that may be subject to challenge based upon some aspect of the prior conviction used to enhance, should likewise be subject to vindication when challenged for the first time in a collateral attack only if for some reason it could not have been raised on direct appeal or if it was not raised on direct appeal because of the ineffectiveness of counsel.

In several pre-Hill cases, the Court had granted relief in post-conviction habeas corpus cases on claims of improper enhancement because one of the prior convictions used to enhance had been based upon a fundamentally faulty charging instrument. Ex parte Sanford , 562 S.W.2d 229, 230 (Tex. Crim. App. 1977) ; Ex parte Howeth , 609 S.W.2d 540, 541 (Tex. Crim. App. 1980) ; Ex parte Nivens , 619 S.W.2d 184, 185 (Tex. Crim. App. 1981). We explained in Nivens that we were granting relief "despite the fact [that] the petitioner offered no objection" to the charging instrument at the time of trial, but we did not explain why that should be so. 619 S.W.2d at 185.

Of course, since the 1985 amendment that added Subsection (b) to Article 1.14 of the Code of Criminal Procedure, there are precious few defects in a charging instrument that will render it "fundamentally defective" in the sense that would justify habeas corpus relief. See Acts 1985, 69th Leg., ch. 577, § 1, p. 2197, eff. Dec. 1, 1985 (requiring a trial level objection to defects of form or substance in a charging instrument before a defendant may raise any such complaint on appeal or in post-conviction proceedings); George E. Dix & John M. Schmolesky, 42 Texas Practice: Criminal Practice and Procedure § 25:18, at 32-33 (3d ed. 2011) ("The 1985 changes appeared for all practical purposes to abolish the category of 'fundamental' defects, at least insofar as a matter constitutes 'a defect, error, or irregularity of form or substance in an indictment or information.' Such matters must be raised before trial under Article 1.14(b) of the Code of Criminal Procedure and therefore are by statute 'nonfundamental' in the traditional sense."); Studer v. State , 799 S.W.2d 263 (Tex. Crim. App. 1990).

In his writ application, Applicant also alleges ineffective assistance of both trial and appellate counsel for failing to fully investigate the finality of the California conviction. The scope of our file and set seems to have extended to Applicant's ineffective counsel claims. As I advocated in Clay , the Court should remand the present application to the convicting court for factual development of this issue. See Ex parte Clay , 539 S.W.3d at 289 (Yeary, J., dissenting) (urging the Court to remand to address the applicant's alternative claim of ineffective assistance of counsel).

Another example of this principle of forfeiture-on-direct-appeal is legal sufficiency of the evidence. We have said that a claim of legally insufficient evidence need not be preserved in the trial court in order to raise it on appeal. Rankin v. State , 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). A claim of legal sufficiency is not cognizable, however, in state post-conviction collateral attack. Ex parte Perales , 215 S.W.3d 418, 419 (Tex. Crim. App. 2007). Perhaps legal sufficiency is not cognizable in habeas, not because it is not a claim of constitutional dimension (since it is ), but because it can always be raised on direct appeal, and habeas is not a substitute for appeal. See Ex parte Nelson , 137 S.W.3d at 667 ("We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal."). A claim that there is no evidence whatsoever to support a conviction, by contrast, is always cognizable in a post-conviction habeas corpus proceeding, regardless of whether it was, or could have been, raised at any previous stage. Ex parte Perales , 215 S.W.3d at 419-20. The notion must be that a conviction based upon no evidence is so antithetical to the proper functioning of the criminal justice system that it simply will not be tolerated; it should be remedied even if it comes to the judicial attention only for the first time in an initial post-conviction application for writ of habeas corpus.

Judge Keel says I have read too much into Mizell , because in that case the jury assessed the unauthorized punishment, not the judge. Concurring Opinion at 237-38. But a jury may only assess punishment within the range authorized by law, as reflected in the jury charge the trial court has given it. When a jury purports to assess a punishment that is, on its face, more harsh than either the law or the jury charge authorized, a trial judge still has a duty to refrain from actually imposing that unauthorized sentence.

By contrast, and notwithstanding the Mizell principle, the system will sometimes tolerate a sentence that is less than the statutory minimum under certain circumstances. In Deen v. State , 509 S.W.3d 345, 351 (Tex. Crim. App. 2017), we recently reiterated that an appellant may be estopped from collaterally attacking an illegally lenient sentence, if he bargained for that sentence and subsequently "accepted the benefit of the lenity in the judgment he collaterally attacks."

See Ex parte Pointer , 492 S.W.3d 318, 325 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("After all, habeas corpus is an extraordinary remedy. The effect of post-conviction habeas corpus relief is to upset society's hard-won conviction-a conviction that in many cases has already survived the rigorous scrutiny of an appeal. The State has a legitimate interest in maintaining the finality of such convictions.").

In Rich , the finding of fact that rendered the enhancement illegal was not readily apparent on the appellate record, and the improper-enhancement claim was arguably deemed cognizable in post-conviction habeas corpus proceedings only because the facts rendering the enhancement illegal could not have been developed in time to raise the claim on direct appeal, despite trial and appellate counsels' best efforts. 194 S.W.3d at 513 & n.9. Applicant in this case may be entitled to habeas corpus relief on the basis of his claim of ineffective assistance of counsel, but the Court today grants relief without resort to that claim. See note 4, ante . I would not, as Presiding Judge Keller suggests, simply grant relief on an ineffective assistance of counsel claim without first remanding the case to the trial court for development of a record showing why both trial and appellate counsels failed to raise the issue that the Court resolves today.