

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,970-01

**EX PARTE TANYA MARIE WARRELL MCMILLAN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR14-150 IN THE 4TH DISTRICT COURT
### FROM RUSK COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of theft and sentenced to forty years' imprisonment. The Sixth Court of Appeals affirmed her conviction. *McMillan v. State*, No. 06-16-00209-CR (Tex. App.—Texarkana Aug. 22, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that her sentence is illegal because the prior conviction used as an enhancement in this case was an un-revoked, probated sentence from federal court. We order that this application be filed and set for submission to determine (1) whether *Ex parte Pue*, 552 S.W.3d 226 (Tex. Crim. App. 2018), announced a new rule for purposes of

retroactivity; (2) if *Pue* announced a new rule, whether it is a substantive or procedural rule; and (3) whether one of the exceptions to the general rule of retroactivity applies. *See Teague v. Lane*, 489 U.S. 288, 307 (1989). The parties shall brief these issues. Oral argument is not permitted.

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her. *See* TEX. CODE CRIM. PROC. art. 26.04. Within sixty days from the date of this order, the trial court shall send to this Court a supplemental transcript containing the order appointing counsel or a statement that Applicant is not indigent or does not want to be represented by counsel. All briefs shall be filed with this Court within ninety days from the date of this order.

Filed:  February 12, 2020

Do not publish