

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,096-01

**EX PARTE EMIR ORTIZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20170D02908-34-1 IN THE 346TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated kidnapping (count I), aggravated assault with a deadly weapon (count II), family-violence assault by impeding breathing or circulation (count III), and continuous family violence. Applicant originally received deferred adjudication and was placed on community supervision. Applicant's deferred status was adjudicated, and he was sentenced to thirty years' imprisonment on each of the four counts, to run concurrently. Applicant did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his thirty-year sentences for counts II, III, and IV are illegal and that counsel was ineffective for failing to object when the trial judge imposed those

sentences. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Pue*, 552 S.W.3d 226, 228 (Tex. Crim. App. 2018); *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's sentences were illegal, including whether the trial judge's pronounced sentence(s) is/are correctly reflected in the judgements adjudicating guilt. The trial court shall also make specific findings and conclusions as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 20, 2021
Do not publish