

# In the Court of Criminal Appeals of Texas

---

No. WR-88,970-01

---

## EX PARTE TANYA MARIE WARRELL McMILLAN,

*Applicant*

---

On Application for Writ of Habeas Corpus
In Cause No. CR14-150 in the 4th District Court
Rusk County

---

YEARY, J., filed a concurring opinion.

I write separately to take issue with two aspects of the Court's opinion today: (1) whether the issue of retroactivity is even properly before the Court in this case—is it even justiciable?; and (2) whether the underlying challenge to Applicant's conviction is even cognizable in post-conviction habeas corpus proceedings. For the following reasons, I can

only concur in the result, which I think is undoubtedly correct.

## I. JUSTICIABILITY[1]

Because both the Court and Presiding Judge Keller seem to agree that Applicant is not entitled to relief regardless of whether the Court's holding in *Ex parte Pue*, 552 S.W.3d 226 (Tex. Crim. App. 2018), applies retroactively,[2] I fail to understand why it is even necessary to decide that question. If Applicant is not entitled to relief as a matter of Texas law, regardless of whether *Pue* is or is not to be applied retroactively, then what difference does a resolution of the retroactivity question make in this case? Are the parts of the Court's opinion regarding retroactivity, such as they are, not wholly advisory in nature?[3] Is this question even

---

[1] Black's Law Dictionary defines "justiciability" as "[t]he quality, state, or condition of being appropriate or suitable for adjudication by a court." BLACK'S LAW DICTIONARY 1036 (11th ed. 2019). In defining "justiciability," it also quotes from Charles Alan Wright's FEDERAL PRACTICE AND PROCEDURE:

> "Concepts of justiciability have been developed to identify appropriate occasions for judicial action. . . . The central concepts often are elaborated into more specific categories of justiciability – *advisory opinions*, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions." 13 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3529, at 278–79 (2d ed. 1984).

*Id.* (emphasis added).

[2] *See* Majority Opinion at 6–7 ("All of Applicant's appeals were exhausted and mandate issued before she was arrested for the offense under question here."); Keller, P.J., Concurring Opinion at 1 ("[A] construction of a statute that impacts the punishment range for an offense must be applied retroactively.").

[3] *See Petetan v. State*, 622 S.W.3d 321, 334 (Tex. Crim. App. 2021) ("Texas courts are not empowered to give advisory opinions[.]").

justiciable?[4] What am I missing here?[5]

## II. COGNIZABILITY

In any event, until the Court definitively explains why a challenge to an enhancement provision such as this is even *cognizable* in state post-conviction habeas corpus proceedings to begin with, all questions of retroactivity aside, I cannot agree that it is appropriate to grant relief in such cases. *See Pue*, 552 S.W.3d at 239 (Yeary, J., dissenting) ("[N]ot every claim of 'illegal sentence' rises to [the] level of systemic requirement or prohibition so as to justify entertaining it when it is only raised for the first time in an initial habeas corpus collateral attack.").

The only thing I *can* agree with is the Court's bottom line: Relief should be denied. I therefore concur only in the result.

**FILED:**                                          May 1, 2024
**PUBLISH**

---

[4] *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 147 (Tex. 2012) ("The Texas Constitution—the source of the requirements of justiciability in Texas—bars our courts from rendering advisory opinions[.]"); *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (citing TEX. CONST. art. II, § 1) ("The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine.").

[5] The Court says it addresses the merits of the retroactivity issue in this case for two reasons. Majority Opinion at 2 n.3. First, we need to decide which law to apply. *Id.* But if the choice of law makes no difference to the bottom line in this case, we need not—and should not—decide it here. Second, other pending cases also depend upon resolution of the retroactivity issue. *Id.* To the extent that any of those cases *do* turn on which choice of law applies, that is undoubtedly so. But, if so, the Court should choose one of *those* cases to resolve the issue, not this one.