

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-54,607-05

### EX PARTE DAVID WAYNE MCCALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W96-03061-J (D) IN THE CRIMINAL COURT NO. 3
FROM DALLAS COUNTY

*Per curiam*. YEARY, J. dissented.

### O P I N I O N

Applicant pleaded no contest to sexual assault and, after a period of deferred adjudication, was sentenced to life imprisonment. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction. *McCall v. State*, No. 05-99-01141-CR (Tex. App.–Dallas March 30, 2000). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his sentence is illegal because the prior Indiana felony conviction used to enhance this sentence was not a final conviction based on Texas law. The record shows that Applicant was placed on community supervision for that prior conviction and there is no indication that the supervision was ever revoked.

Relief is granted. *Ex parte Pue*, 552 S.W.3d 226 (Tex. Crim. App. 2018); *Ex parte McMillan*, WR-88,970-01 (Tex. Crim. App. May 1, 2024). The sentence in cause number F96-03061-WJ in the Criminal Court no. 3 District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County for the trial court to hold a new sentencing hearing. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate. All of Applicant's other claims are dismissed.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: 7-31-2024
Do not publish