UNITED STATES of America,
Plaintiff—Appellee,

v.

Tanya WARRELL, Defendant—
Appellant.

No. 01–30400.

D.C. No. CR–A–01–00110–JWS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2002.*

Decided May 14, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM**

Tanya Warrell was involved in a fraudulent check scheme between May 2000 and June 2001. She pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344(2) and was sentenced on November 5, 2001 to 10 months imprisonment under U.S.S.G. § 2F1.1 ("the 2000 Guidelines"), which had been deleted on November 1, 2001. The district court sentenced Warrell under the 2000 Guidelines because it found that U.S.S.G. § 2B1.1 ("the 2001 Guidelines"), which became effective on November 1, 2001, would result in a lengthier sentence.[1] Warrell appeals her sentence and argues that the 2001 Guidelines would have provided a shorter sentence. We disagree and affirm.

An issue is whether Warrell's bad check writing from May 2000 to June 2001 could be considered "relevant conduct" for sentencing purposes, even when most of the bad checks were not used to defraud the banks but rather defrauded vendors and others. It is true that the conviction was for defrauding the banks by opening accounts with bad checks. However, a sentencing court may consider relevant conduct beyond the specific acts underlying the offense of conviction. *See generally* U.S.S.G. § 1B1.3. "In assessing whether conduct is 'relevant' within the meaning of [§ 1B1.3], the sentencing court must consider the conduct's 'similarity, regularity and temporal proximity' to the charged offenses." ' *United States v. King,* 200 F.3d 1207, 1216 (9th Cir.1999) (quoting *United States v. Hahn,* 960 F.2d 903, 910 (9th Cir.1992)); *see also* U.S.S.G. § 1B1.3 cmt. n. 9.

Here, "similarity, regularity, and temporal proximity" are adequately established. In May 2000, Warrell embarked on a fraudulent check scheme by writing bad checks regularly on her initial bank. Eventually, she wrote bad checks to open three additional bank accounts without sufficient funds to cover those checks. From these accounts she wrote more bad checks. Warrell's ongoing fraudulent check scheme bears sufficient similarity, regularity and proximity to the conduct that underlay her conviction for bank fraud. The district court correctly held that the relevant conduct for sentencing purposes included all check kiting or fraudulent check writing activity from May 2000 to June 2001. Both the banks and various vendors and others who received bad checks drawn on the bank accounts were victims of the same fraudulent check scheme.

In this light, it was not error for the district court to conclude that (1) the offense involved 50 or more victims under U.S.S.G. § 2B1.1(b)(2)(B); and (2) the loss calculation from these victims was more

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The new Guidelines went into effect on November 1, 2001, superseding the deleted old Guidelines. This effective date was after the conviction but before the sentencing. Under these circumstances, Warrell was entitled to be sentenced under the more lenient of the two Guidelines. U.S.S.G. § 1B1.11(b)(1).

than $30,000 under U.S.S.G. § 2B1.1(b)(1)(D). Thus Warrell's total offense level under the 2001 Guidelines would have been 14; whereas under the 2000 Guidelines, her total offense level was 10. The district court properly sentenced Warrell under the 2000 Guidelines.

AFFIRMED.