NO. 07-11-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2011

_____

DANIEL RAMOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 207TH DISTRICT COURT OF COMAL COUNTY;

NO. CR2010-180; HONORABLE JACK H. ROBISON, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK,  JJ.

Daniel Ramos was convicted of criminally negligent homicide in the death of

Maria Gallegos as well as three counts of tampering with evidence.[1]  He challenges

those convictions by contending 1) the evidence is legally insufficient to support the

---

[1]The three counts of tampering with evidence were in Cause No. CR2010-085.  The trial court entered an agreed order joining that cause with Cause No. CR2010-180.  The record is unclear as to whether that joinder was for purposes of trial only.  There was only one jury charge submitted to the jury, which was in Cause No. CR2010-180, but it addressed all of the charged offenses.  However, it appears separate judgments were entered in each cause number.  Appellant filed a notice of appeal only in CR2010-180, although it is clear he intended to appeal all of the judgments.

conviction of tampering with the victim's body, and 2) California convictions that would not be final in Texas cannot be used to enhance his punishment.

*Issue 1 – Alteration of Body*

The first complaint encompasses only his conviction under the third count of tampering with evidence. Through it, the State alleged that appellant ". . . did alter, destroy or conceal a thing, namely a human corpse to–wit: the body of Maria Margarita Gallegos, with intent to impair its verity, or availability as evidence . . . . " His conviction for that offense allegedly was invalid because the State failed to prove he "altered" the corpse. We overrule the issue.

The record contains evidence illustrating that appellant dragged the body of Maria Gallegos around his apartment before law enforcement authorities arrived. Thus, her body was no longer in the identical position (geographically and physically) in which it would have been had he not moved it. Furthermore, there appeared marks on the corpse apparently caused by the decedent's skin coming in contact with the floor as appellant dragged it. So too did appellant's action cause the victim's torso to become exposed.

Years ago, we had occasion to assess the ordinary meaning of the word "alter." Though the dispute in *King's Court Racquetball v. Dawkins*, 62 S.W.3d 229 (Tex. App.–Amarillo 2001, no pet.) involved a lease, what that particular word meant lay at the heart of the controversy. And, there we interpreted it as denoting "to change or make different." *Id.* at 233. We see no reason why the plain meaning of that word should differ here. Nor do we see any reason why the act of physically manipulating potential evidence of a crime should not be encompassed within that definition. *See Rotenberry*

2

*v. State,* 245 S.W.3d 583, 589 (Tex. App.–Fort Worth 2007, pet. ref'd) (stating that alteration involves acts that physically manipulate the evidence). Given this and the evidence that appellant's manipulation of Maria's body caused its appearance and position to be different from the appearance and position it would have been in had he not dragged it, we find some evidence upon which a rational jury could find, beyond reasonable doubt, that he altered the corpse.

*Issue 2 – Enhancements*

Appellant next argues that his two prior California convictions could not have been used to enhance punishment at bar. This is allegedly so because they were not deemed final under Texas law, though they were final under the law of California. We overrule the issue.

No one disputes that convictions resulting in probation are considered final in California. *People v. Laino,* 87 P.3d 27, 38 (Cal. 2004). And, while the same cannot be said about a like conviction in Texas, *Jordan v. State,* 36 S.W.3d 871, 875 (Tex. Crim. App. 2001), we use the law of the jurisdiction from which the conviction arose to determine its finality for purposes of enhancement in Texas. *See Dunn v. State,* No. 14-05-00276-CR, 2006 Tex. App. Lexis 7425, at *5-6 (Tex. App.–Houston [14th Dist.] August 17, 2006, pet. ref'd) (not designated for publication) (permitting a probated Delaware conviction to be used to enhance punishment in Texas since it was considered final in Delaware); *Skillern v. State,* 890 S.W.2d 849, 883 (Tex. App.–Austin 1994, pet. ref'd) (same but involving a federal probated conviction); *Dominique v. State,* 787 S.W.2d 107, 108-09 (Tex. App.–Houston [14th Dist.] 1990, pet. ref'd, untimely filed)

3

(same but involving a Louisiana probated conviction).  Thus, appellant's two convictions in California were available to enhance his punishment here.

Accordingly, the judgments are affirmed.


Brian Quinn
Chief Justice


Publish.

4