**Affirmed; Reversed and Remanded, and Majority and Dissenting Opinions filed July 16, 2019.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00580-CR
## NO. 14-17-00581-CR

### CHARLES ROBERT RANSIER, Appellant

### v.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 207th District Court
Comal County, Texas
Trial Court Cause Nos. CR2016-303 & CR2017-004**

## OPINION[1]

A jury convicted appellant Charles Robert Ransier and assessed punishment at life in prison for tampering with a syringe. Tex. Penal Code Ann. § 37.09 (trial

---

[1] The Supreme Court of Texas ordered this case transferred from the Court of Appeals for the Third Court of Texas to this court. Misc. Docket. No. 17-9066 (Tex. June 20, 2017); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis—if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

court cause number CR2016-303 and appellate case number 14-17-00580-CR). The same jury also convicted and sentenced appellant to twenty-years confinement on a charge of possession of a controlled substance, less than one gram. Tex. Health & Safety Code Ann. § 481.115(a) (trial court cause number CR2017-004 and appellate case number 14-17-00581-CR). Appellant argues that the trial court erred by (1) admitting evidence that appellant was an "ex-con" in the guilt/innocence phase of trial and (2) by denying his request for a jury instruction on a lesser-included offense. We affirm the trial court's judgment on possession of a controlled substance because appellant conceded possession of a controlled substance at trial. We reverse the trial court's judgment on tampering with physical evidence and remand the case to the trial court for further proceedings because appellant was entitled to a lesser-included instruction.

## I.   BACKGROUND

In March 2015, DPS Trooper Kral was on patrol when he noticed a children's slide sitting on the side of the road. Later the same day, Kral noticed the slide had been moved and a truck was parked beside it. Kral decided to investigate.

After approaching the truck, Kral saw appellant and asked him if he could search the truck. Appellant agreed to remove items from the truck. While appellant was removing items, Kral stood alongside the truck and observed. Kral watched appellant's hands and his movements and noticed that appellant was "trying to make some kind of movement and basically shoving his right hand underneath the driver's side seat." Appellant had a syringe in his hand and was trying to break the syringe and shove it underneath the seat.

Kral asked appellant, "Hey, what's in your right hand?" Kral ordered, "Hey get back over here," and "Get back away from the car." Appellant did not comply with Kral's commands and continued "trying to break [the syringe] and shove it

2

under the seat." Struggle ensued as Kral again stated, "Back away from the car." Kral grabbed appellant by the shoulder and forced him out of the truck. Appellant fell to the ground. On the ground, appellant still held the syringe, but tried to throw it aside. The syringe landed about two feet from appellant. Kral got on top of appellant and put appellant in handcuffs.

Appellant was arrested and taken to the police department, where he was interviewed by Kral and Texas Ranger Jones. In appellant's recorded interview, Kral asked appellant, "[w]hen you were going after that syringe, were you trying to break it or trying to get rid of it?" Appellant responded, "That was the intention, yes sir." Later, appellant further responded, "Look, I'm an ex-con. I'm not going to tell—hey man, this is [inaudible] dope in here."

Liquid was removed from the syringe and tested in the DPS crime lab. The testing determined the liquid was methamphetamine.

Appellant was subsequently indicted for tampering with physical evidence and possession of a controlled substance, less than one gram. Appellant was tried on both charges in one trial.

On direct-examination at trial, Kral testified that, initially, he "couldn't necessarily see what was in appellant's right hand," but then realized it was a syringe. Kral testified that when he recovered the syringe after appellant tossed it away, the tip of it was broken off. Kral further testified that appellant concealed the syringe from him, appellant "altered" the syringe by moving it, and appellant also altered the syringe by breaking it.

During Kral's direct-examination, the State presented the portion of appellant's recorded interview in which appellant admitted to trying to break or get rid of the syringe and identified himself as an ex-con.

On cross-examination, Kral conceded he had no knowledge of the condition of the syringe prior to noticing it in appellant's hand. Kral did not know how the needle was connected to the syringe. Kral acknowledged that he did not find the tip of the syringe and did not take pictures of it. Kral admitted that in his report on the incident he did not state that appellant broke the syringe, and in appellant's four-hour recorded video, Kral never said appellant broke the syringe. Kral testified that he could not determine whether appellant's falling to the ground after being thrown caused the needle to break off. Kral agreed that from the point he saw appellant with the syringe in his hand until the time he got him to the ground, he knew where the syringe was the whole time. Kral also agreed that while the syringe was in appellant's hand, it was only partially concealed.

After the close of evidence, appellant asked the trial court for a lesser-included instruction on attempted tampering. The trial court denied the request.

During closing arguments, appellant's trial counsel admitted appellant was guilty of possession of a controlled substance, stating "I am going to tell you right off the bat we concede on the possession of a controlled substance. He had it in his hand. You know, he knew there was something in there, we're conceding that." Regarding tampering with physical evidence, he argued appellant was not guilty. Appellant's trial counsel urged the jury, "At best it is an attempt at tampering, but you don't have attempt at tampering in front of you."

The jury convicted appellant on both possession of a controlled substance and tampering with physical evidence. After reviewing extensive evidence of appellant's past criminal history during the punishment phase of trial, the jury gave appellant the maximum imprisonment on each of his charges, both enhanced by prior felony convictions—life in prison for tampering and twenty-years

4

confinement for possession.

## II.   ANALYSIS

We do not address appellant's first issue in which appellant asserts the trial court erred by admitting evidence that appellant was an "ex-con" for two reasons. With respect to the possession case against appellant, we do not address the issue because appellant's trial counsel unequivocally conceded guilt on the possession charge during closing arguments at trial. With respect to the tampering case against appellant, we do not reach the issue because of our disposition of appellant's second issue (reverse and remand for further proceedings). *See* Tex. R. App. P. 47.1.

In his second issue, appellant contends that the trial court erred in refusing to submit his requested instruction regarding the lesser-included offense of attempted tampering with evidence. As an initial matter, we address the State's contention that appellant waived this point of error. The State contends appellant waived error because, when the trial court asked if there were any objections to the charge, appellant responded, "No objection." We disagree.

"[W]hen assessing the meaning of an attorney's statement that he or she has 'no objection' in regard to a matter that may have been previously considered and ruled upon, courts should first ask whether 'the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal.'" *Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015) (quoting *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013)). If, after applying the test, it remains ambiguous whether abandonment was intended, then we must resolve the ambiguity in favor of finding waiver. *Stairhime*, 463 S.W.3d at 906.

The record plainly demonstrates that appellant did not intend, and neither the trial court nor the State could have construed, his "no objection" statement to constitute an abandonment of his request for a lesser-included instruction. Immediately before the trial court asked if there were any objections to the charge, appellant strongly advocated for a lesser-included instruction and the trial court denied his request. Appellant then suggested that the denial could be error, and in response, the prosecutor indicated he would "deal with it" on appeal:

| | |
|---|---|
| The Court: | No. Denied. |
| [Defense counsel]: | On attempted, really? Okay. |
| . . . . | |
| The Court: | If it is in error not to give attempting— |
| [Defense counsel]: | I think you're going to—that could be a problem, judge. |
| [State]: | I don't think it is a problem at all. I will be happy to deal with it. |
| The Court: | All right. |
| (Off the Record) | |
| The Court: | Let the record reflect the defendant is present with counsel, D.A. is present. The State has proposed a charge of the court. I made one typographical change on page two. Inserting the word "upon" instead of "on" in line two of paragraph F. And nobody—are there any objections to the charge with that change by the State? |
| [Prosecutor]: | No, sir. |
| The Court: | By the defense? |
| [Defense counsel]: | No objection. |

During closing arguments, appellant's trial counsel continued to argue that appellant's actions constituted attempted tampering, not tampering.

The proximity of the trial court's denial of appellant's request to the trial

6

court's call for objections to the charge, the discussion between the court and counsel in which the State expressed eagerness to "deal with" the issue on appeal, and appellant's emphasis on attempted tampering in closing argument plainly show that appellant did not intend to abandon his request. His "no objection" statement did not constitute an abandonment of his request for an instruction on attempted tampering. *See id*. We proceed to address the merits of the issue.

To determine whether the trial court was required to give a requested charge on a lesser-included offense, we use a two-step test. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). First, we determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense. *Id.* The State does not dispute that attempted tampering with evidence is a lesser-included offense to tampering with evidence. *See* Tex. Code Crim. Proc. Ann. art. 37.09(4) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense."). Accordingly, the first step of the test is satisfied.

Second, we assess whether evidence in the record supports giving an instruction on the lesser-included offense to the jury. *Bullock*, 509 S.W.3d at 924–25. A defendant is entitled to such an instruction when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* at 925. "The evidence must establish that the lesser included offense is a valid, rational alternative to the charged offense." *Id.*

The second step requires examining all the evidence admitted at trial. *Id.* "However, we may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted." *Id.* (quoting *Goad v. State*, 354 S.W.3d 443, 446–47 (Tex. Crim. App. 2011)). Anything more than a scintilla of

7

evidence is adequate to entitle a defendant to a lesser charge. *State v. Sweed*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). However, there must be some evidence directly germane to the lesser-included offense. *Roy v. State*, 509 S.W.3d 315, 317 (Tex. Crim. App. 2017); *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). The second step may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Sweed*, 351 S.W.3d at 68.

If the jury is charged on alternate theories, the second prong of the lesser-offense test is met "only if there is evidence which, if believed, refutes or negates every theory which elevates the offense from the lesser to the greater." *Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018) (quoting *Arevalo v. State*, 970 S.W.2d 547, 549 (Tex. Crim. App. 1998) (per curiam)). "Only if every theory properly submitted is challenged would the jury be permitted to find the defendant guilty *only* of the lesser offense." *Arevalo*, 970 S.W.2d at 549. This does not mean an appellant must challenge every factual theory put forward by the State; rather, appellant must challenge every statutory theory which elevates the offense from the lesser to the greater offense. In *Stadt v. State*, this court noted that in "*Arevalo* [] and in other cases stating that principle, the 'alternate theories' were statutory theories elevating the offense from the lesser to the greater offense." 120 S.W.3d 428, 440 (Tex. App.—Houston [14th Dist.] 2003) *aff'd*, 182 S.W.3d 360 (Tex. Crim. App. 2005). Indicating approval of this court's holding in *Stadt*, the Criminal Court of Appeals similarly held:

> The question before us is not whether there was some evidence presented at appellant's trial that would permit a rational jury to find that he was not guilty of each and every alternate theory of manslaughter alleged in the indictment but whether there was some evidence presented at appellant's trial that would permit a rational jury to find that he possessed the culpable mental state of criminal

negligence rather than recklessness.

*Stadt v. State*, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005).

Penal Code section 37.09(a)(1) defines the offense of tampering with physical evidence as follows: (1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. Tex. Penal Code Ann. § 37.09(a)(1); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014).

Penal Code section 37.09(d)(1) alternatively defines the offense of tampering with physical evidence as: (1) knowing that an offense has been committed; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense. Tex. Penal Code Ann. § 37.09(d)(1).

A person commits an attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a).

Appellant asserts that he was entitled to an instruction on the lesser-included offense of attempted tampering with evidence because a rational jury could have found that, if appellant was guilty, he was only guilty of attempted tampering with physical evidence. Appellant makes this argument with respect to each alternative statutory theory on which the jury was charged. Appellant argues that a jury could have rationally found him only guilty of attempted tampering with regard to altering the syringe.[2] Appellant argues that a jury could have rationally found him

---

[2] We do not agree with the dissent's suggestion that we need not address appellant's arguments because appellant did not challenge on appeal the State's theory that appellant altered

9

only guilty of attempted tampering with regard to destroying the syringe. Appellant argues that a jury could have rationally found him only guilty of attempted tampering with regard to concealing the syringe. We agree. Appellant shows more than a scintilla of evidence directly germane to attempted tampering was presented at trial.

With respect to altering and destroying, circumstantial evidence existed from which the jury could have reasonably inferred that appellant did not break the syringe. Kral testified that he had no knowledge of the condition of the syringe prior to noticing it in appellant's hand, and after he noticed it in appellant's hand, Kral still could not tell the full condition of the needle. Kral testified that appellant fell to the ground with the syringe in his hand after Kral pulled him away from the truck. Kral testified that he could not determine whether appellant's falling to the ground after being thrown caused the needle to break off.[3] In his report of the incident, Kral did not state that appellant broke the syringe. A rational jury could have believed Kral's affirmative testimony that he had no knowledge regarding the

_____

the syringe by moving it. The dissent points out that, at trial, the State argued that appellant altered the syringe by breaking the needle from the barrel or changing the physical location of the syringe, and on appeal, appellant does not address the argument that appellant altered the syringe by changing the physical location of the syringe. While appellant is required to show there is some evidence presented at trial that would permit a rational jury to find that he did not alter the syringe, appellant is not required to challenge every factual theory concerning its alteration on appeal. *See Stadt*, 120 S.W.3d at 440.

Moreover, appellant's burden to show entitlement to a lesser-included instruction is evidentiary—to show some evidence presented at trial would permit a rational jury to conclude he was only guilty of the lesser-included offense. The evidence concerning appellant's movement of the syringe is undisputed. The State's argument in this regard is not evidentiary; rather, the State contends that movement constitutes alteration as a matter of law. Consequently, we do not agree with the dissent that appellant was required to set forth some evidence refuting or negating the fact that appellant moved the syringe.

[3] The State contends that even if Kral throwing appellant to the ground caused the syringe to break, appellant would be criminally responsible for tampering with evidence. The State has not cited any authority, and we have found none, supporting this argument.

condition of the syringe, he did not document the condition of the syringe or needle, and he did not know whether the needle was broken by appellant's fall. A rational jury could have believed Kral's testimony that appellant fell to the ground with the syringe in his hand and reasonably inferred that that the syringe was broken by the fall. In addition, in appellant's recorded interview, Kral asked appellant, "[w]hen you were going after that syringe, were you *trying* to break it or *trying* to get rid of it?" (emphasis added). Appellant responded, "that was the intention, yes sir." A rational jury could have reasonably inferred that Kral questioned appellant about "trying" to break the syringe and "trying" to get rid of syringe because appellant had failed to break or get rid of the syringe. This evidence refutes or negates other evidence that appellant altered or destroyed the syringe.

With respect to whether appellant concealed the syringe, Kral testified that he was watching appellant remove items from appellant's truck and from the point he saw appellant with the syringe in his hand until the time he got him to the ground, he knew where the syringe was the whole time. Kral agreed that while the syringe was in appellant's hand, it was only partially concealed. This testimony refutes or negates other evidence that appellant concealed the syringe.

The State responds that appellant was not entitled to a lesser-included instruction because the evidence shows (1) appellant "actually broke" the syringe, (2) appellant concealed[4] the syringe by holding it in his hand and under the seat,

---

[4] The State cites *Hines v. State*, 535 S.W.3d 102, 110 (Tex. App.—Eastland 2017, pet. ref'd); *Stuart v. State*, No. 03-15-00536-CR, 2017 WL 2536863, at *4 (Tex. App.—Austin June 7, 2017, no pet.) (mem. op., not designated for publication); *Munsch v. State*, No. 02-12-00028-CR, 2014 WL 4105281, at *6 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) (mem. op., not designated for publication); and *Gaitan v. State*, 393 S.W.3d 400, 401–02 (Tex. App.—Amarillo 2012, pet ref'd), in support of its argument that appellant concealed the syringe. These cases are inapposite as they involve review of the sufficiency of the evidence on a tampering conviction, not the trial court's denial of an appellant's request for a lesser-included instruction. *See infra* pp.

11

and (3) appellant altered the syringe by moving its location. The dissent concludes the trial court's ruling is supported by the State's first theory. We are not persuaded by the State's theories or the reasoning of the dissent. The State and the dissent point to several pieces of evidence from which a jury could have concluded that appellant was guilty of the greater offense, but this evidence the State and the dissent point to is not dispositive. *See Goad*, 354 S.W.3d at 448. At most, it would contradict the theory that appellant attempted to but did not tamper with evidence. *See id.*

Even if the jury could have rationally concluded appellant did destroy, conceal, or alter the syringe, that is not the proper standard of our analysis. *See id.* at 449*; see also Ritcherson*, 568 S.W.3d at 676 ("The issue is not whether a rational jury could have found Appellant guilty of murder; it is whether a jury could have reasonably interpreted the record in such a way that it could find Appellant guilty of only manslaughter."); *Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013) ("The court of appeals' and the State's reliance on the overwhelming medical evidence presented in this case is in error."). We must review the totality of the evidence "without reference to the credibility of the evidence or whether that evidence is controverted or conflicting." *Bullock*, 509 S.W.3d at 929; *see also Ritcherson*, 568 S.W.3d at 676 (citing *Thomas v. State*, 699 S.W.2d 845, 859 (Tex. Crim. App. 1985) (Teague, J., dissenting), for proposition that when determining whether defendant is entitled to instruction on lesser-included offense, facts should be viewed in light most favorable toward submitting lesser-included offense). When, as here, the record provides more than a scintilla of evidence from which the jury could have rationally determined that the defendant was guilty only of a lesser-included offense, then the defendant is

---

14–17.

entitled to a jury charge on that lesser offense. *Bullock*, 509 S.W.3d at 929. "This is true even if such a determination would require the jury to believe only portions of certain witnesses' testimony." *Id.* "[I]t is the jury's province to decide which parts of this evidence to believe." *Id.*

In this case, evidence concerning the condition of the needle prior to the struggle between Kral and appellant was conflicting, there was evidence that appellant fell to the ground with the needle in his hand, and appellant was questioned about his attempt to break or get rid of the syringe; thus, there was some evidence that appellant did not successfully alter or destroy the syringe by breaking the needle from the barrel or moving its location. Citing *Cavazos*, 382 S.W.3d at 385, the dissent concludes that the evidence regarding the condition of the needle is not affirmative evidence. The dissent also concludes that Kral's testimony that he could not determine whether appellant's falling to the ground after being thrown caused the needle to break off is not affirmative evidence. We respectfully disagree with these characterizations. While we do not consider such evidence direct evidence that the syringe was not intact before the encounter or that the needle was broken by appellant's fall, we do consider it affirmative circumstantial evidence from which a rational jury could reasonably have inferred as much. *See also Ritcherson*, 568 S.W.3d at 676–77 (holding *Cavazos* distinguishable as *Cavazos* involved defendant who shot victim twice and noting statement regarding inference in *Cavazos* "improperly focuse[d] on whether the evidence was sufficient to prove an element of the greater crime."). The dissent also states that evidence Kral did not state in his report that appellant broke the needle is evidence meant to discredit Kral's testimony as to the greater offense, and as such, is not enough to support the lesser-included offense; however, this is not the only evidence supporting the lesser-included offense. Along with the

13

affirmative evidence that appellant fell to the ground with the syringe in his hand, Kral's affirmative testimony that he did not know the condition of the needle prior to appellant's fall and that he could not determine whether appellant's falling to the ground after being thrown caused the needle to break off is some evidence that appellant did not successfully alter or destroy the syringe by breaking the needle from the barrel.

With respect to concealment of the syringe, although there was ample evidence of appellant's attempt to shove the syringe under the seat and defendant admitted, "that was the intention," there was also evidence that the syringe was never fully concealed, and as such, the attempt to conceal the syringe by shoving it under the seat was never completed. Consequently, we conclude there was more than a scintilla of evidence that appellant had "specific intent to commit an offense[, and executed] an act amounting to more than mere preparation that tend[ed] but fail[ed] to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a); *see Bullock*, 509 S.W.3d at 925. Any breakage, concealment, or alteration following the struggle was incidental to the struggle and at least arguably involuntary as to appellant.

The State cites *Burks v. State*, No. PD-0992-15, 2016 WL 6519139, at *6–7 (Tex. Crim. App. Nov. 2, 2016) (mem. op., not designated for publication); *Carnley v. State*, 366 S.W.3d 830, 834–35 (Tex. App.—Fort Worth 2012, pet. ref'd); and *Ramos v. State*, 351 S.W.3d 913, 914–15 (Tex. App.—Amarillo 2011, pet. ref'd), in support of its argument that appellant altered the syringe by moving its location. Each of these cases involves the sufficiency of the evidence on a tampering conviction; none involves the trial court's denial of an appellant's request for a lesser-included instruction. These cases are inapposite to review of the denial of appellant's request for a lesser-included instruction because the

14

standard in sufficiency cases conflicts with the standard we apply here. *See Ritcherson*, 568 S.W.3d at 676 ("The court of appeals . . . appears to have applied legal-sufficiency law instead of lesser-included-offense law. In that respect the court of appeals erred."). When reviewing sufficiency, we review evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the denial of a lesser-included instruction, we consider whether there is more than a scintilla of evidence to entitle a defendant to a lesser charge; we do not consider whether the evidence supports the verdict on the greater charge. *See Sweed*, 351 S.W.3d at 68.

Moreover, we do not agree with the premise underlying the State's argument, that moving evidence constitutes alteration in every instance. "Alter" is not defined by the statute, *see* Tex. Penal Code Ann. § 37.09, and jurors are free to interpret undefined statutory language to have "any meaning which is acceptable in common parlance." *State v. Bolles*, 541 S.W.3d 128, 138 (Tex. Crim. App. 2017) (quoting *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012)); *see* Code Construction Act, Tex. Gov't Code Ann. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Merriam-Webster defines alter as "to make different without changing into something else." *Alter*, MERRIAM-WEBSTER ONLINE DICTIONARY, available at https://www.merriam-webster.com/dictionary/alter (last visited July 8, 2019). Dictionary.com defines alter as "to make different in some particular, as size, style, course, or the like; modify." *Alter*, DICTIONARY.COM, available at https://www.dictionary.com/browse/alter (last visited July 8, 2019). The jury charge in this case did not define "alter" or make any reference to evidence being

15

moved. *See Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017) ("If a word or a phrase is not defined, the trial court may nonetheless define them in the charge if they have an established legal or technical meaning."). The jury could have reasonably concluded the syringe, although moved, was not altered.

*Burks*, *Carnley*, and *Ramos* do not require otherwise. Again, none of these cases involved a defendant's request for a lesser-included instruction. Instead, each of these cases involved a challenge to the sufficiency of the evidence on a tampering conviction. *See generally Burks*, 2016 WL 6519139; *Carnley*, 366 S.W.3d 830; *Ramos*, 351 S.W.3d 913. So the court in each of these cases reviewed the evidence in the light most favorable to the verdict to determine whether "any rational trier of fact could have found" the evidence was altered. *See Burks*, 2016 WL 6519139, at *5; *Carnley*, 366 S.W.3d at 833; *Ramos*, 351 S.W.3d at 915. And in *Burks*, *Carnley*, and *Ramos*, the courts did determine that movement of the evidence (a car, a corpse, and a corpse, respectively) constituted sufficient evidence that the evidence was altered. *Burks*, 2016 WL 6519139, at *6–7; *Carnley*, 366 S.W.3d at 835–36; *Ramos*, 351 S.W.3d at 915. The *Ramos* court noted the plain meaning of alter as, "to change or make different" and stated that it did not "see any reason why the act of physically manipulating potential evidence of a crime should not be encompassed with that definition." *Ramos*, 351 S.W.3d at 915.

We agree that in many instances, movement of evidence may constitute sufficient evidence that evidence has been altered. We do not agree that movement of evidence conclusively proves alteration of evidence, particularly when, as here, the evidence is not to be reviewed in the light most favorable to the verdict. Consequently, we conclude the evidence in this case was susceptible to different

16

interpretations regarding whether appellant altered evidence.[5] The jury could have rationally believed that appellant was guilty of attempted tampering and not tampering. The trial court erred in denying the request for a charge on the lesser-included offense of attempted tampering with evidence.

Having found error in the trial court's denial of the requested instruction on the lesser-included offense, we must determine whether that error requires reversal. The erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to an *Almanza* harm analysis. *Sweed*, 351 S.W.3d at 69–70; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Under *Almanza*, when jury-charge error has been preserved, as it was in this case, we will reverse if the error in the court's charge resulted in some harm to the accused. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *see Almanza*, 686 S.W.2d at 171.

"[T]he harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer." *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005). Ordinarily, if the absence of a charge on the lesser-included offense left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, some harm exists. *Saunders v.*

---

[5] Although we do not rely on sufficiency cases in reviewing the denial of a lesser-included instruction because of the significantly different standard of review, we nonetheless note that even in a recent sufficiency case, one appellate court determined movement was not sufficient to support the conclusion that evidence has been altered. In *Stahmann v. State*, the Thirteenth Court of Appeals determined that the evidence to support alteration was insufficient where the defendant tossed a prescription bottle out of his car and over a fence. 548 S.W.3d 46, 54–55 (Tex. App.—Corpus Christi-Edinburg 2018, pet. granted). The Court of Criminal Appeals granted the State's petition for discretionary review in that case, heard argument on March 6, 2019, and the case remains pending before the Court of Criminal Appeals.

*State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995).

Citing *Masterson*, the State contends there was no harm in this case because the jury was not left with the sole option to convict or acquit appellant because appellant had "admitted to and was convicted by the jury of possession" so "the jurors would know he would not be released from liability *even if they acquitted him* of tampering." In *Masterson* (and *Saunders*), the Court of Criminal Appeals held that the jury's failure to find an intervening lesser-included offense (one between the requested lesser offense and the offense charged) may, in appropriate circumstances, render a failure to submit the requested lesser offense harmless." *Masterson*, 155 S.W.3d at 171 (citing *Saunders*, 913 S.W.2d at 572). This case does not involve an intervening lesser-included offense, and we decline to extend the holdings of *Masterson* and *Saunders* to offenses which are not lesser-included offenses. While it may make sense for a jury to consider "[t]he intervening lesser offense [a]s an available compromise, giving the jury the ability to hold the wrongdoer accountable without having to find him guilty of the charged (greater) offense," *see Masterson*, 155 S.W.3d at 171, a guilty finding on a separate offense with entirely different elements is not an appropriate "compromise." It would not be logical or lawful for a jury, believing appellant guilty of attempted tampering rather than tampering, to find him guilty of possession as an alternative to finding him guilty of tampering.

Without a charge on the lesser-included offense of attempted tampering with evidence, the jury only had the option to either convict appellant of the tampering offense or acquit him on the charge. In this situation, some harm exists, particularly when one considers that the maximum imprisonment for attempted tampering with evidence in this case would have been 20 years, *see* Tex. Penal Code Ann. §§ 12.33, 12.425, 15.01(d), 37.09(c), whereas Appellant received a life

sentence arising from his felony conviction for tampering with evidence enhanced by his prior felony convictions. *See id.* §§ 12.42(d), 37.09(c); *Bridges v. State*, 389 S.W.3d 508, 512–13 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that imposition of penalty that is more severe than potential maximum penalty for requested lesser-included offense is evidence of some harm). Accordingly, we conclude that appellant suffered some harm. We sustain appellant's second issue on appeal.

### III.   CONCLUSION

Because appellant conceded possession of a controlled substance, we affirm the trial court's judgment on appellant's possession of a controlled substance case. We reverse the trial court's judgment on tampering with physical evidence and remand the case for further proceedings. Tex. R. App. P. 43.2(d).


/s/     Charles A. Spain
        Justice


Panel consists of Justices Jewell, Zimmerer, and Spain. (Jewell, J., dissenting.)
Publish — TEX. R. APP. P. 47.2(b).

19