

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-88,970-01

### EX PARTE TANYA MARIE WARRELL MCMILLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR14-150 IN THE 4TH DISTRICT COURT
### FROM RUSK COUNTY

**RICHARDSON, J., delivered the opinion of the Court in which HERVEY, NEWELL, WALKER, SLAUGHTER, and McCLURE, JJ., joined. KELLER, P.J., filed a concurring opinion. YEARY, J., filed a concurring opinion. KEEL, J., concurred.**

## O P I N I O N

In *Ex parte Pue*, we decided that the laws and public policy of Texas should be decided by our Legislature. There, we held that Texas law should define whether a prior conviction is final for the purposes of enhancing the punishment of an offense under Section 12.42 of the Texas Penal Code as opposed to another jurisdiction's law. *Ex parte Pue*, 552 S.W.3d 226, 235 (Tex. Crim. App. 2018). Today, we are asked if there was ever a time prior to *Pue* when other States were allowed to unilaterally dictate the laws and

public policy of our State.[1] That answer is no, and we hold that the rule in *Pue* applies retroactively. Furthermore, we hold that Applicant's federal felony conviction was final under the rule in *Pue*.

In 2015, Applicant was convicted of theft. Prosecutors used Applicant's 2001[2] federal felony conviction out of Alaska to enhance the theft offense to a first-degree felony resulting in Applicant receiving a forty-year sentence and a $10,000 fine. Applicant contends her 2001 federal conviction was not final when the instant offense occurred; therefore, the offense was unlawfully enhanced, and she received an illegal sentence.

We filed and set this writ to determine (1) whether *Pue*, announced a new rule for purposes of retroactivity;[3] (2) if *Pue* announced a new rule, whether it is a substantive or procedural rule; and (3) whether one of the exceptions to the general rule of retroactivity

---

[1] *Cf.* "No taxation without representation."

[2] The record shows an "Amended Judgement" dated May 13, 2003, showing Applicant sentenced to 10 months imprisonment and 5 years of supervised release. Both parties in their briefs refer to the "2003 conviction." Applicant was indicted on June 20, 2001 and pled guilty sometime later (the record is unclear on when). Applicant was originally sentenced on November 5, 2001. Applicant subsequently appealed her sentence and the federal appellate court affirmed Applicant's sentence on May 14, 2002. *See U.S. v. Warrell*, 40 Fed.Appx. 425, 2002 WL 987359 (9th Cir. May 14, 2002) (Not for Publication).

[3] We answer the retroactivity issue for two reasons. First, we need to determine which choice of law to apply to answer the ultimate question on whether or not Applicant's conviction that was used as an enhancement was "final." Second, there are several other cases that are being held pending a resolution of this retroactivity question. We filed and set the case in order to settle this statewide recurring issue.

applies. [4] *See Teague v. Lane*, 489 U.S. 288, 307 (1989).[5] Applicant argues *Pue* applies retroactively. We agree.

Holding Texas law applies for determining finality of a conviction for the purposes of enhancement in cases prior to *Pue*, we apply Texas law, not Federal law, to determine whether Applicant's federal conviction was final. We hold that Applicant's federal conviction was final under Texas law and deny Applicant relief.

**Whether *Pue* announced a new rule.**

---

[4] We apply *Stovall* instead of *Teague* when determining the retroactivity of a state statute. *Salinas v. State*, 523 S.W.3d 103, 112 (Tex. Crim. App. 2017) (citing *Taylor v. State*, 10 S.W.3d 673, 681 (Tex. Crim. App. 2000) ("[W]e adopt the *Stovall* balancing test for determining whether new rules of non-constitutional origin should be given retroactive effect.") (*Stovall v. Denno*, 388 U.S. 293, 297 (1967)). *Stovall* and *Teague* employ different frameworks to determine retroactivity. Both frameworks start with the threshold question on whether the rule is new. And both have distinct tests to determine whether a rule is considered new. *See* n. 6.

[5] When we filed and set this case, we made a citation to *Teague*. To clarify, we currently apply *Teague* in our state habeas practice when determining retroactivity of constitutional rules. *See e.g. Ex parte Maxwell*, 424 S.W.3d 66, 70–71 (Tex. Crim App. 2014) ("Although the United States Supreme Court held in *Danforth v. Minnesota* [552 U.S. 264 (2008)] that state courts need not utilize the *Teague* retroactivity rule, we follow *Teague* as a general matter of state habeas practice, and we will not deviate from our precedent in this instance."). *Maxwell* dealt with determining the statewide retroactive application of the Supreme Court of the United States' holding that "the [U.S.] Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012).
   While this case was pending, the Supreme Court decided *Edwards v. Vannoy*, 141 S.Ct. 1547 (2021) (stripping watershed procedural rules from retroactivity on federal collateral review). Since we do not apply *Teague* in the instant case, we do not address the appropriateness of continuing using *Teague* and its progeny as a guide for determining whether a constitutional rule is retroactive for state habeas practice. The Supreme Court narrowing of retroactivity in federal habeas review in *Vannoy*, creates a question on whether this Court should continue applying retroactivity rules designed for the shrinking doors of federal habeas review. *See also* Jeffrey S. Sutton, *51 Imperfect Solutions* (2018); *Ex parte Lave*, 257 S.W.3d 235, n. 15 (Tex. Crim. App. 2008) ("But the *Teague* rule is also grounded in principles of comity and deference to state courts, which have no application in state habeas corpus jurisprudence.").

We first ask whether *Pue* announced a new rule. If the rule was not new, then retroactivity applies automatically, including the instant writ. However, if *Pue* announced a new rule, then we proceed to the next question on whether it applies retroactively via a *Stovall* balancing test.

To determine whether this Court announced a new rule, the interpretation of the criminal statute must have been a "clear break" with the past. *Taylor v. State*, 10 S.W.3d 673, 682 (Tex. Crim. App. 2000). The new interpretation must have been preceded by an inconsistent interpretation viewed as authoritative. "To be viewed as authoritative, the inconsistent interpretation must be either (1) a rule articulated in prior precedent from this Court, (2) a practice arguably sanctioned in prior cases from this Court, or (3) a longstanding practice that lower courts had uniformly approved." *Nix v. State*, 65 S.W.3d 664, 671 (Tex, Crim. App. 2001), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478 (Tex. Crim. App. 2016). [6]

Neither of the first two sufficient conditions are met here, because the Court never addressed the statutory interpretation question prior to *Pue*. There were only two cases where this Court opined on this general area—*Ex parte Blume* and *Diremiggio v. State*. 618

---

[6] We apply the test articulated in *Nix* because this case deals with the interpretation of a state statute—not with the interpretation of a constitution. *Teague* uses a distinct framework to determine whether a constitutional rule is new. "In general, however, a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. . . . To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). The State correctly points out that the *Teague* test for determining if a rule is new is "less stringent" than the *Nix* test. State's Br. at *12. A holding is not dictated by precedent "unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527–28 (1997)).

S.W.2d 373 (Tex. Crim. App. 1981); 637 S.W.2d 926 (Tex. Crim. App. 1982) (Panel No. 1). And as we explained in *Pue*, those cases were "stretched to stand for the proposition that if it is good enough for them, it is good enough for us." *Pue*, 552 S.W.3d at 233. Thus, *Pue* was the first time this Court specifically provided an authoritative interpretation on which law to use for determining finality of a non-Texas conviction.

This leads us to the third sufficient condition to determine if there is a "clear break"—whether there was a longstanding practice uniformly approved by lower courts. At the time *Pue* was decided, only five courts of appeals had held (less than half of all the appellate districts in Texas) that an out-of-state conviction is final for enhancement purposes if it was final under the law where the conviction occurred.[7] Two more appellate districts issued similar rulings but left them unpublished so they would not have a precedential effect.[8] Less than half of the Courts of Appeals publishing opinions is not

---

[7] *Pue* cited to seven courts of appeals decisions that applied foreign law for determining the finality of a foreign conviction: *Ramos v. State*, 351 S.W.3d 913, 915 (Tex. App.—Amarillo 2011, pet. ref'd); *Ajak v. State*, No. 07-14-00018-CR, 2014 WL 3002811 (Tex. App.—Amarillo 2014, no pet.) (mem. op.; not designated for publication); *Dominque v. State*, 787 S.W.2d 107, 108–09 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd, untimely filed; *Moore v. State*, No. 05-10-01306-CR, 2012 WL 858606, at *9. (Tex. App.—Dallas March 12, 2012) (not designated for publication); *Skillern v. State*, 890 S.W.2d 849, 883 (Tex. App.—Austin 1994, pet. ref'd), declined to follow on other grounds by *Ex parte Jones*, 440 S.W.3d 628 (Tex. Crim. App. 2014); *Dunn v. State*, No. 14–05–00276–CR, 2006 WL 8432982, (Tex. App.—Houston [14th Dist.] August 17, 2006, pet. ref'd) (not designated for publication); *Mitchell v. State*, No. 05-06-01706-CR, 2008 WL 713635 (Tex. App.—Dallas March 18, 2008) (mem. op.; not designated for publication). *Pue* at 231, n.21.

The State also notes additional court of appeals cases that did not apply the *Pue* rule: *Lee v. State*, 582 S.W.3d 356, 365–66 (Tex. App.—San Antonio 2018, pet. ref'd); *Brown v. State*, 508 S.W.3d 453, 460 (Tex. App.—Fort Worth 2015, pet. ref'd); *Jordan v. State*, No. 01-13-00721-CR, 2015 WL 6768497, at *8 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op.; not designated for publication). State's Br. at *10–11, n.3.

[8] *See* TEX. R. APP. P. 47.7 (stating that an opinion designated as "Do Not Publish" has no precedential value).

5

enough, in our judgement, to constitute a "longstanding practice that lower courts had uniformly approved." Finding no authoritative statewide interpretation prior to *Pue*, we hold that *Pue* did not announce a new rule and is therefore automatically retroactive.

**Applying the *Pue* rule to determine the finality of Applicant's federal conviction.**

Because we hold our laws determine the finality of a non-Texas conviction to all cases prior to *Pue*, the next step is to apply Texas law to determine whether or not Applicant's federal conviction was final. We hold that Applicant's federal conviction was final under Texas law and was a proper enhancement for Applicant's instant conviction. Therefore, we deny relief.

As *Pue* explained, "[t]he imposition of the sentence is required to establish the finality of the conviction" under Texas law.[9] And under Texas law, when a defendant appeals, "a conviction . . . is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final." *Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986).

Applicant was sentenced to 10 months imprisonment and 5 years of supervised release. The term of supervised release was part of the sentenced imposed, and not a suspension of the sentence. All of Applicant's appeals were exhausted and mandate issued

---

[9] "It is well established that under Texas law only convictions that are 'final' can be used for enhancement purposes. It is equally well established that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted. A successfully served probation is not available for enhancement purposes. The imposition of a sentence is required to establish the finality of a conviction. However, a probated sentence can turn into a final conviction if probation is revoked." *Ex parte Pue*, 552 S.W.3d. 226, 231 (Tex. Crim. App. 2018) (quotations and citations removed).

before she was arrested for the offense under question here. Applicant was originally sentenced by a federal judge on November 5, 2001, and an appellate court subsequently affirmed the sentencing on May 20, 2002. Therefore, we hold Applicant's federal conviction arising out of Alaska was final prior to her committing the instant offense. It was a proper enhancement.

**Conclusion.**

We hold the *Pue* rule, that Texas law determines the finality of a foreign conviction for enhancement purposes in Texas, applies retroactively. We find Applicant's federal conviction to be final applying Texas law. We deny relief.

Delivered: May 1, 2024

Publish