

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-18-00173-CR
_____

### ORLANDO BELL, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 21st District Court
Burleson County, Texas
Trial Court No. 14,753; Honorable J. D. Langley, Presiding

November 19, 2019

## MEMORANDUM OPINION ON MOTION FOR REHEARING

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Orlando Bell, was convicted by a jury of failure to comply with the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure.[1] Because Appellant was required to verify his

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2018).

registration once each year under article 62.058 of the Texas Code of Criminal Procedure, the offense in question was a third degree felony. *Id.* at art. 62.102(b)(2). As such, the offense was punishable by imprisonment for any term of not more than 10 years or less than 2 years. TEX. PENAL CODE ANN. § 12.34 (West 2019). The State attempted to enhance the applicable range of punishment by alleging two prior felony convictions.[2] A double-enhanced felony is punishable by imprisonment for life, or for any term of not more than 99 years or not less than 25 years. *Id.* at § 12.42(d). A proper double-enhanced felony conviction requires the State to prove beyond a reasonable doubt that the second previous felony conviction was both final and "for an offense that occurred subsequent to the first previous felony conviction having become final." *Id.* *See Ex parte Pue*, 552 S.W.3d 226, 230-31 (Tex. Crim. App. 2018); *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008) (finding that "when the State seeks to enhance a defendant's sentence for the primary offense by alleging that a defendant has a prior conviction, and the defendant enters a plea of not true, *the factfinder must decide whether the State has sustained its burden* by entering a finding that the enhancement allegation is true or not true"). (Emphasis added).

In the underlying case, the court's charge failed to require a jury finding that the second prior felony conviction was both final and for an offense that occurred subsequent

---

[2] The indictment failed to properly allege a double-enhanced felony because it alleged two prior felony convictions that occurred on the same day. *See Myhand v. State*, No. 03-09-00488-CR, 2010 Tex. App. LEXIS 6358, at *4 (Tex. App.—Austin Aug. 4, 2010, pet. ref'd) (mem. op., not designated for publication). The State attempted to remedy this problem by subsequently filing *State's Notice of Intent to Use Prior Convictions for Enhancement of Punishment* alleging the two prior felony convictions offered into evidence during the punishment phase of trial.

to the first prior felony conviction having become final.[3]  As such, the State failed to obtain

a jury finding as to an essential element of the enhancement allegation.  Because the

offense was not properly enhanced, the punishment assessed (50 years confinement)

exceeded the maximum punishment allowed by law (10 years confinement).

On appeal, this court affirmed Appellant's conviction; however, it reversed the

lower court's judgment as to the punishment assessed and remanded the matter for a

new punishment hearing.  *See Bell v. State,* No. 07-18-00173-CR, 2019 Tex. App. LEXIS

6362 (Tex. App.—Amarillo July 24, 2019, no pet. h.).  The State Prosecuting Attorney has

now filed a *Motion for Rehearing* alleging this is not a case involving an "illegal" or "void"

sentence.  Instead, the State asserts this is a case of "charge error" subject to harm

analysis.  We disagree and deny the State's *Motion for Rehearing.*

### ANALYSIS

Relying on *Niles v. State*, 555 S.W.3d 562 (Tex. Crim. App. 2018), the State

Prosecuting Attorney argues that the failure to obtain a jury finding on an essential

element of the offense does not make the sentence imposed illegal or void because such

an omission is merely "charge error" subject to a harm analysis.  *Niles*, however, is clearly

distinguishable from the facts of this case.  In *Niles*, the omitted jury finding was an

element of the offense itself (whether the victim was a public servant), distinguishing the

---

[3] The State did obtain a jury finding that (1) prior to the commission of the primary offense, Appellant had been <u>finally convicted</u> of the felony offense of delivery of a controlled substance and (2) after *the commission* of the offense of delivery of a controlled substance, Appellant had been <u>finally convicted</u> of the felony offense of engaging in organized criminal activity.  What the State did <u>not</u> obtain was a jury finding that the second previous felony conviction (engaging in organized criminal activity) was for an offense that occurred subsequent to the first previous felony conviction (delivery of a controlled substance) having become *final.*

offense charged (a class A misdemeanor) from the offense supported by the jury's verdict (a class B misdemeanor).

Here, we are not dealing with an omitted element of the offense. Instead, we are dealing with the omission of a fact finding essential to the determination of the applicable range of punishment. Where the State has failed to request a finding essential to its claimed range of punishment, it waives any right to claim that punishment should be assessed within that range.

Furthermore, assuming for the sake of argument that we were to subject the error in this case to a harm analysis, the Court of Criminal Appeals has ruled that "even if the State's failure to prove the chronological sequence of punishment enhancement allegations as required under Section 12.42(d) is subject to a harm analysis, such a deficiency will never be considered harmless." *Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008). This is so because an accused will always be harmed by being subjected to a range of punishment where the minimum sentence under the State's scenario is in excess of the maximum potential sentence otherwise subject to imposition.

### CONCLUSION

The State Prosecuting Attorney's *Motion for Rehearing* is denied.


Patrick A. Pirtle
Justice


Do not publish.

4