

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00173-CR

_____

ORLANDO BELL, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 21st District Court
Burleson County, Texas
Trial Court No. 14,753; Honorable J. D. Langley, Presiding

February 11, 2022

## MEMORANDUM OPINION ON REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Orlando Bell, was convicted by a jury of failure to comply with the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure.[1] Because Appellant was required to register as a sex

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2018). A person commits the offense of failure to comply with sex offender registration requirements if the person is required to register and fails to comply with any requirement of chapter 62 of the Texas Code of Criminal Procedure.

offender, based on his prior conviction for sexual assault pursuant to section 22.011 of the Texas Penal Code,[2] his "duty to register expires under article 62.101(a) [of the Texas Code of Criminal Procedure]." *See* TEX. CODE CRIM. PROC. ANN. art. 62.101(a)(1). *See also* art. 62.001(6)(A) (defining an offense under section 22.011 of the Texas Penal Code as a "sexually violent offense"). As such, because he was required to verify his registration once each year under article 62.058 of the Texas Code of Criminal Procedure, the offense in question was a third degree felony. *Id.* at art. 62.102(b)(2). Therefore, the offense was initially punishable by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years, and by a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2019).

The State attempted to enhance the applicable range of punishment by alleging two prior felony convictions.[3] A proper "double-enhanced" felony conviction requires the State to prove beyond a reasonable doubt that the second previous felony conviction was both final and "for an offense that occurred subsequent to the first previous felony conviction having become final." *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019). *See also Ex parte Pue*, 552 S.W.3d 226, 230-31 (Tex. Crim. App. 2018); *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008) (finding that "when the State seeks to enhance a defendant's sentence for the primary offense by alleging that a defendant has a prior conviction, and the defendant enters a plea of not true, *the factfinder must decide*

---

[2] TEX. PENAL CODE ANN. § 22.011(a) (West Supp. 2021).

[3] The indictment failed to properly allege a double-enhanced felony because it alleged two prior felony convictions that occurred on the same day. *See Myhand v. State*, No. 03-09-00488-CR, 2010 Tex. App. LEXIS 6358, at *4 (Tex. App.—Austin Aug. 4, 2010, pet. ref'd) (mem. op., not designated for publication). The State attempted to remedy this problem by subsequently filing its *State's Notice of Intent to Use Prior Convictions for Enhancement of Punishment* alleging the two prior felony convictions ultimately offered into evidence during the punishment phase of trial.

*whether the State has sustained its burden* by entering a finding that the enhancement allegation is true or not true"). (Emphasis added). A properly "double-enhanced" felony conviction is punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d). A fine may not be assessed on a double-enhanced felony. *Id.*

Believing the State had failed to meet its burden of obtaining a jury finding that the second felony offense was an offense that was committed after the first felony offense had become final, this court affirmed Appellant's conviction but reversed the punishment portion of the judgment and remanded the matter for a new hearing. *See Bell v. State*, No. 07-18-00173-CR, 2019 Tex. App. LEXIS 6362 at *12-13 (Tex. App.—Amarillo July 24, 2019), *rev'd*, 635 S.W.3d 641 (Tex. 2021). On petition for review, the Texas Court of Criminal Appeals ruled that an omitted finding resulting from a defect in the punishment-phase jury instructions was jury charge error subject to harm analysis. *See Bell v. State*, 635 S.W.3d 641 (Tex. Crim. App. 2021). Accordingly, the Court remanded the matter to this court for further proceedings consistent with that opinion.

### FURTHER BACKGROUND INFORMATION

During the punishment phase of trial, the State offered into evidence a "pen pack" indicating that Appellant had been previously convicted of the felony offense of *Delivery of a Controlled Substance,* on September 9, 1991, Cause Number 10,560, in the 21st District Court of Burleson County, Texas, and that said conviction had become final prior to the commission of the offense for which he was on trial and had just been convicted. The State further offered into evidence a "pen pack" reflecting Appellant's prior conviction of the felony offense *Engaging in Organized Criminal Activity,* on the 5th day of November

1997, in Cause Number 11,724, in the 21st District Court of Burleson County, Texas, and that said conviction had become final prior to the commission of the offense for which he was on trial and had just been convicted.

When the trial court presented the *Charge of the Court—Punishment* to the attorneys for approval, the charge failed to include an instruction or jury question as to whether the second felony conviction was both final and "for an offense that occurred subsequent to the first previous felony conviction having become final." *See* TEX. PENAL CODE ANN. § 12.42(d). The court's charge then erroneously instructed the jury that if they found both enhancements to be true (without requiring the additional finding that the subsequent offense be an offense committed subsequent to the first felony offense having become final), the range of punishment would be by confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 25 years. Neither the State nor Appellant objected to the omission. On those instructions, the jury returned a sentence of fifty years confinement.

### ANALYSIS

The standard of review for jury charge error depends on whether the error was preserved. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Failure to correctly set forth the "law applicable to the case" is error subject to a harm analysis under *Almanza. See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); *Almanza*, 686 S.W.2d at 174. *See also Bell*, 635 S.W.3d at 646. If the error was preserved with a timely objection, then such error is reversible if it caused "some harm." *Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020). Conversely, when the defendant fails to object to jury-charge error, as

4

is the case here, such error is reversible only when it causes the defendant "egregious harm." *Id.*

"Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). *See also Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019) (stating that egregious harm occurs when the error creates such harm that the defendant was "deprived of a fair and impartial trial"). "Under both [the 'some harm' and 'egregious'] harm standards, the appellant must have suffered some actual—rather than merely theoretical—harm." *See id. See also Ngo*, 175 S.W.3d at 750 ("Under the *Almanza* standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error."). In determining whether there was egregious harm, an appellate court should evaluate the entire record in light of *Almanza's* four factors (the entirety of the charge, the state of the evidence, the arguments to the jury, and any other relevant information). *French v. State*, 563 S.W.3d 228, 237 (Tex. Crim. App. 2018).

THE ENTIRETY OF THE CHARGE – Here, the *Charge of the Court* required the jury to make every requisite finding, save and except a finding that the second enhancing felony offense was committed subsequent to the first enhancing felony offense having become final. State's Exhibit Number 13, the pen pack associated with Cause Number 10,560, established that the offense of *Delivery of a Controlled Substance* was committed on October 17, 1991, that Appellant's deferred adjudication was revoked on September 9, 1994, and that Appellant was assessed a sentence of eight years confinement. Whereas,

State's Exhibit Number 14, the pen pack associated with Cause Number 11,724, established that the offense of *Engaging in Organized Criminal Activity,* was for an offense committed on August 2, 1997, and that Appellant pleaded guilty to that offense and was sentenced to ten years confinement on November 5, 1997.  Nothing in the *Charge of the Court* instructed the jury as to when a conviction was "final" for purposes of enhancement.  Accordingly, we find that a review of the entire charge does not militate against a finding of egregious harm.

THE STATE OF THE EVIDENCE – As noted above, Appellant was adjudicated guilty on the first offense on September 9, 1994.  Nothing in the record indicates whether Appellant ever appealed that conviction.  Because the second enhancing felony offense was committed on August 2, 1997, we can draw a safe inference that the first felony offense was final by that date.  As such, the state of the evidence supports an affirmative finding with respect to a double enhancement under the provisions of section 12.42(d) and militates against a finding of egregious error.

THE ARGUMENTS TO THE JURY – While the *Charge of the Court* did fail to make it clear that the first enhancing-felony offense must be final before the commission of the second enhancing-felony offense, the prosecutor effectively articulated the correct law in his closing argument when he said:

> [o]ur law says that a person commits a felony offense, goes to prison for that offense, gets out, commits a new felony offense, goes to prison for that offense, gets out and commits another, the minimum is 25 years. That's the law. And that's what the State is asking you to do. Find that in fact he is one and the same individual that in Cause No. 10,560 went to prison, that after he got out of prison for this cause number, he committed the second offense, Cause No. 11,724, and he went to prison. And when he came back out, he committed the offense that you found him guilty for today.

6

While the prosecutor's argument is not an adequate substitute for a proper instruction from the court, in our *Almanza* analysis, it weighs in favor of rendering the error something less than egregious harm.

**OTHER RELEVANT INFORMATION** – As a practical matter, Appellant had a "fair shot at the apple." Assuming the case were to be retried on the issue of punishment, the same information (if not more) would be available to another panel of twelve impartial jurors, and it is likely to assume they would view the evidence in a similar manner. While the punishment assessed (fifty years) is within the range of punishment for a double-enhanced felony (or more relevant, it is outside the maximum punishment for a single-enhanced third degree felony under the same or similar circumstances), it is actually on the lower end of the double-enhanced felony range of punishment. As such, the sentence assessed does not offend traditional notions of due process, and it does not reach that level of egregiousness so as to warrant reversal. Accordingly, having found the trial court erred in its charge to the jury, we further find the error to be harmless.

**CONCLUSION**

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7